No. 10,272.

## DALTON ET AL. *v.* TINDOLPH ET UX.

MECHANIC'S LIEN.—*Joint Tenancy.*—*Husband and Wife.*—There may be a mechanic's lien upon land held in joint tenancy by husband and wife, and the fact that the building was erected under a written contract signed by the husband and not by the wife, upon land held by them in joint tenancy, is no obstacle to the lien—the wife's acquiescence and consent to the construction being shown.

From the Knox Circuit Court.

*W. H. DeWolf* and *S. N. Chambers*, for appellants.
*T. R. Cobb* and *O. H. Cobb*, for appellees.

WOODS, C. J.—Two actions, brought to enforce liens for materials furnished for the construction of a dwelling-house for the appellees, were consolidated and tried together. Finding and judgment for the defendants. The appeal is by Dalton and Lamport alone, their co-plaintiffs in the consolidated action having filed in this court a refusal to join in the appeal.

The sole question is, whether, upon the evidence adduced, the decision of the court was right. We have no brief nor suggestion from the appellee; and counsel for the appellants

deny all knowledge of the ground upon which the decision of the court was based.

The evidence shows that the appellees were husband and wife, and as joint tenants owned the lot upon which the dwelling was constructed; that the husband made a contract with one Piel for the carpenter work upon the house; and that the appellants furnished materials to the contractor, which were used in the building; that the wife was not a party to the article of agreement with Piel, but knew of it and acquiesced in the construction of the building on the lot; that within the statutory time the appellants filed with the county recorder the requisite notice of their intention to hold a lien, and the notice was duly recorded; that the claim is due, just and unpaid.

We have discovered no defect in the evidence. The fact that the lot was owned by the appellees as joint tenants is, as we think, no reason why the law concerning mechanic's liens should have been, if it was, deemed inapplicable to the case; and the fact that the written contract with the builder was signed by the husband, and not by the wife, her acquiescence and, indeed, affirmative consent being sufficiently shown, we do not consider an obstacle to the action. See *Jones* v. *Pothast*, 72 Ind. 158; *Vail* v. *Meyer*, 71 Ind. 159.

The judgment is reversed, and a new trial ordered in favor of the appellants Dalton and Lamport.