Wilson *et al. v.* Logue *et al.*

Filed Feb. 26, 1892.

| 131 | 191 |
| 132 | 334 |
| 131 | 191 |
| 136 | 381 |
| 131 | 191 |
| 154 | 267 |
| 154 | 597 |

### No. 15,773.

### WILSON ET AL. *v.* LOGUE ET AL.

HUSBAND AND WIFE.—*Tenants by Entireties.—Individual Debt of the Husband.—Suretyship.*—Where land is owned by husband and wife as tenants by the entireties, and the husband and wife sign a note and execute a mortgage on said land to secure the individual debt of the husband, the wife is only a surety, and the mortgage is void.

SAME.—*Wife's Suretyship.—Evidence Tending to Show.*—Where there is evidence tending to show that the note and mortgage in suit were executed to secure a loan made by the plaintiff to the husband, that the money was intended and was in fact used by the husband to pay his individual debts, and that the plaintiff knew at the time the loan was made that the money was borrowed for the use of the husband, the finding of the trial court that the debt evidenced by said note and mortgage was the separate debt of the husband, and that the wife was only surety, will not be disturbed.

SAME.—*Mechanic's Lien.—Material Purchased by Husband.—When Binding Upon Wife.—Recording Lien in Wrong Book.*—Where land is owned by husband and wife as tenants by the entireties, and the husband, with the knowledge of his wife and without objection on her part, purchases material to replace a barn on said premises destroyed by fire, and the wife was present when the material was delivered and used in the construction of the building, and made no objection, the party furnishing the material may acquire a lien against said property by filing a notice as required by law of his intention to hold a lien. The fact that the recorder recorded the notice in the wrong book does not vitiate the notice.

From the Union Circuit Court.

*J. W. Conoway* and *T. D. Evans,* for appellants.

*L. H. Stanford,* for appellees.

COFFEY, J.—This was an action in the Union Circuit Court by the appellant George Wilson to recover a personal judgment against the appellees upon a promissory note executed by them to him in the year 1886, and to foreclose a mortgage executed upon the real estate therein described to secure the payment of the note. The appellant Bond was made a party defendant because he claimed to hold a mechanic's lien upon the property.

The appellees answered that they were husband and wife and held the land described in the mortgage by entireties; that the note in suit represented the individual debt of the husband, and that the wife was only the surety thereon, and that the mortgage in suit was executed to secure the individual debt of the husband.

They also filed a cross-complaint setting up the same facts, and praying that the mortgage might be cancelled and their title quieted.

The appellant Bond filed a cross-complaint in which he set up a material man's lien for material furnished for the construction of a building on the mortgaged premises.

Upon issues joined the cause was tried by the court, and at the request of the appellants a special finding of facts, with the court's conclusions of law thereon, was filed.

The court found specially that the debt evidenced by the note in suit was the separate debt of the husband, and that the wife was only surety; that the land described in the mortgage was held by the appellees by entireties, and that no part of the debt secured by the mortgage is the debt of the wife. The court further found that the debt for which the appellant Bond sought a material man's lien was the separate debt of the husband, and that the notice of such lien had never been recorded in the miscellaneous records of Union county as required by law.

The principal question discussed by counsel for the appellant Wilson, in his brief, relates to the sufficiency of the evidence to sustain the special finding of the court.

Wilson *et al.* v. Logue *et al.*

The evidence on the part of the appellees tends to show that the note in suit was executed to secure a loan made by the appellant to the husband.   The money was intended and was in fact used by the husband to pay his individual debts. That the money was borrowed for the use of the husband the appellant knew at the time he made the loan.   It is true that there is evidence on behalf of the appellant tending to show that some of the money was paid over to the wife, but this was denied by the appellees.   The weight of the testimony was for the circuit court.   We can not undertake to weigh conflicting evidence.

This being the husband's debt and the wife having signed the note and mortgage as surety only, the mortgage was void, and the court did not err in its conclusions of law upon the facts stated in the special finding.   *Dodge* v. *Kinzy,* 101 Ind. 102; *Stewart* v. *Babbs,* 120 Ind. 568; *Crooks* v. *Kennett,* 111 Ind. 347; *State, ex rel.,* v. *Kennett,* 114 Ind. 160; *Security Co.* v. *Arbuckle,* 119 Ind. 69; *McCormick, etc., Co.* v. *Scovell,* 111 Ind. 551; *Long* v. *Crosson,* 119 Ind. 3.

In the trial of the issue between the appellant Bond and the appellees, it was proven that the barn on the premises, described in the mortgage, was destroyed by fire, by reason of which it became necessary to construct a new one.   For this purpose the husband purchased the material from Bond and used it in replacing the one destroyed.   Within the time fixed by statute Bond filed with the recorder of Union county notice of his intention to hold a lien for such material.   The husband, prior to purchasing the material, informed his wife of his intention to construct the barn, and she made no objections thereto.   She was also present when the material was delivered and used in the construction of the building, and made no objection.

Under these facts we think she should not receive the aid of a court of equity to remove the lien for material used in the betterment of the property.   It would be inequitable to

permit her to receive and retain the full benefit of material used in the construction of a barn upon her property, under the circumstances here disclosed, and refuse to pay for it. As she was fully informed as to the facts and made no objection, she should be held as assenting to the use of the appellant's material for her benefit and bound to pay for the same. *Dalton* v. *Tendolph*, 87 Ind. 490.

The appellan Bond acquired a lien upon the property by filing notice of his intention to hold a lien with the recorder of Union county. It is true the recorder recorded the notice in the wrong book, but this is not a defect which can not be cured. *Wilson* v. *Hopkins*, 51 Ind. 231.

In our opinion the circuit court erred in overruling the motion of the appellant Bond for a new trial.

Judgment affirmed as to Wilson, and reversed as to Bond, with directions to grant a new trial as to him.

Filed April 19, 1892.