## Taggart v. Kem et al.

### [No. 2,831. Filed April 27, 1899.]

Husband and Wife.—*Tenants by Entireties.*—*Mechanic's Lien.*—Section 6968 Burns 1894, providing that "Whenever repairs or improvements are made on real property of the wife by order of the husband with her consent thereto, in writing, delivered to the contractor or the person performing the labor or furnishing the material, she alone shall be personally liable for the labor performed or the material furnished," has no application where the lands are owned by husband and wife as tenants by the entireties. *p. 275*

Pleading.—*Conclusion.*—*Husband and Wife.*—An answer to a complaint to foreclose a mechanic's lien on lands held by husband and

wife as tenants by the entireties, alleging that the property was purchased with the wife's separate means, and that the husband by intimidations and threats procured the title thereto to be made in himself and wife, over her objections, is not the statement of substantive facts, but is a mere conclusion. *pp. 275, 276.*

APPEAL AND ERROR.—*Harmless Error.—Waiver.*—A party will not be heard to complain of the action of the court in sustaining a demurrer to an answer, where after sustaining the demurrer additional paragraphs of complaint were filed, to which defendant did not tender any issue by affirmative answer, but went to trial upon the general issue made by an answer in denial, and the special findings were based upon the additional paragraphs of complaint. *pp. 276, 277.*

MECHANIC'S LIEN. —*Husband and Wife.— Tenants by Entireties.— Contract for Improvements Made by Husband.*—Where the husband, over the objections of the wife, contracts for a dwelling to be placed on lands owned by them as tenants by entireties, and the wife stands by and sees the work being done, boards the carpenters, moves into the house, and attempts to borrow money after the death of her husband to discharge the liens thereon, such action of the wife amounts to an acceptance of the building, and the parties furnishing labor and material in the construction thereof may acquire and enforce a lien against such property. *pp. 277-279.*

From the Grant Superior Court. *Affirmed.*

*Elias Bundy,* for appellant.

*R. T. St. John, Wm. H. Charles* and *Marshall Williams,* for appellees.

WILEY, J.—Appellees, Kem and Wright, as partners, brought their action to foreclose a mechanic's lien against real estate and improvements thereon alleged to be owned by appellant. George W. Roberts, Peter Jeffries, David Overman, Elias Baldwin, James L. Barley, and Robert Spencer were made parties defendant, and it was alleged that they claimed some interest in the property in controversy. Barley and Spencer, as partners, Roberts, Overman and Baldwin, as partners, and Jeffries, each filed cross-complaints, in which they set up a like cause of action, and asked to have their respective mechanic's liens enforced.

The record does not present any question as to the sufficiency of the complaint and the cross-complaints, and we

Taggart *v.* Kem.

need not notice them further, except to say that, in the complaint and cross-complaints, it was averred that, at the time the labor was performed and the material furnished that went into, and was used in the construction of, the building, appellant and one William E. Taggart were husband and wife, and that they owned, as tenants by the entireties, the real estate in controversy, and that after the completion of the work, the said William E. died.

Appellant answered the complaint and the cross-complaints in three paragraphs. The first was a general denial. In the second it was averred that, before and at the time the labor was performed and materials furnished in the construction of the building, she and her husband owned said real estate described in the complaint, etc., as tenants by entireties; that when said labor was performed and materials furnished she was a married woman; that the plaintiffs and all cross-complainants did said work and furnished said materials under an order from, and contract with, her husband; that she did not give any order therefor, nor give her consent in writing; that she did not contract for the performance of said work or for said materials, but that the same was the separate debt of her husband; and that she never made said indebtedness her own or assumed to pay it. In the third paragraph of her answer the same averments are made as to her marital relations and the manner in which the improvements were made. It is then averred that she had purchased the real estate with her separate means, and that, by threats, impositions, and menaces of her husband, she was compelled to have the title thereto conveyed to her and her husband as tenants by entireties, and that her husband paid no part of the consideration therefor. To each of these affirmative paragraphs of answer separate demurrers by the plaintiffs and cross-complainants were addressed and sustained, and appellant excepted.

After overruling the demurrers to these answers, the

plaintiffs and cross-complainants Barley & Spencer, and Roberts each filed an additional paragraph of complaint and cross-complaints, which differ from the original complaint and cross-complaints only in some additional averments. In the additional paragraphs of complaint, and the cross-complaint of Barley & Spencer, it was averred that the husband of the appellant, with her knowledge, acquiescence, and consent, proceeded to erect a dwelling house on the real estate owned by them as tenants by entireties, and that, with her knowledge and consent, he purchased of them materials which were used in the construction thereof. In the additional paragraph of cross-complaint of Roberts, it is charged that appellant and her husband entered into a contract with and employed him to furnish material and perform labor for, and in construction of, the building; that, in pursuance thereto, he did furnish material and perform labor, etc.; that said materials furnished by him were used in the construction of the building. It is further alleged that appellant had notice and knowledge at all times that he was furnishing said materials and performing work to be used in the construction of said building; that, with such notice and knowledge, she stood by and consented and acquiesced therein; that she permitted said materials to be used, and said labor to be performed, without objection on her part; that the materials furnished, and the work done, were necessary and beneficial to said real estate; and that said real estate was enhanced in value by reason thereof, etc. The appellant answered by general denial, and all of the other defendants answered the complaint by a general denial. The original plaintiff filed an answer of general denial to all the cross-complaints, and, as between the cross-plaintiffs the issues were joined by general denials. The court, upon proper request, made a special finding of facts, and stated its conclusions of law thereon, and rendered judgment for plaintiff on his complaint, and for cross-plaintiffs on their respective cross-complaints. Appellant excepted to the conclusions of law, and

moved for a new trial, which was overruled.   The errors assigned are: (1) That the court erred in its conclusions of law; and (2) that the court erred in overruling the demurrer to the second and third paragraphs of answer; and (3) the court erred in overruling the motion for a new trial.

We will first consider the argument of counsel for appellant upon the sufficiency of the second and third paragraphs of answer.   As to the second paragraph, appellant relies upon section 6968 Burns 1894, in support of its sufficiency. That section is as follows: "Whenever repairs or improvements are made on real property of the wife by order of the husband, with her consent thereto, in writing, delivered to the contractor or the person performing the labor or furnishing the material, she alone shall be personally liable for the labor performed or the material furnished."   Counsel say: "We think that this section is as applicable to estates by entireties as to any estate of the wife."   We are unable to adopt this view, and cannot see that this statute has any application where the husband and wife own land as tenants by the entireties.   In the plain language of the statute, it only applies where the wife owns real estate in her own right, and was doubtless passed to protect the husband from personal liability under the conditions specified, and fix the liability for labor performed and materials furnished for the betterment of her separate estate where it properly belonged. This is the only suggestion made by counsel in support of the sufficiency of the second paragraph of answer, and, in our judgment, it is not tenable.

As to the third paragraph, counsel say: "In the third paragraph of answer, the allegations are the same as the second, * * * with the additional averments that the property was purchased with the wife's own separate means entirely; that the husband, by intimidations and threats, procured the title thereto to be made in himself and wife, over her objections."   Counsel have not furnished us with any argument in support of the sufficiency of this paragraph of an-

swer, for we have quoted all they have said about it. That part of this answer which refers to the purchase of the land with the separate means of the appellant states a fact, but the averments which follow, as to how and why the title was taken by her and her husband as tenants by the entireties, are mere conclusions. To state that a thing was done or accomplished by "threats, impositions, and menaces" is not the statement of substantive facts, but is a mere conclusion, and in this respect the answer is wholly insufficient. Aside from these averments, we are inclined to the view that all the other allegations, in both the second and third paragraphs of answer, were provable under the general denial.

In *Ogden* v. *Kelsey*, 4 Ind. App. 299, an answer very similar in terms is to be found, and while the court did not directly decide the question, strongly intimated that the facts pleaded could be proved under the general denial. As these are the only suggestions discussed, other questions, if any, are waived by a failure to discuss them. But, if it was error to sustain the demurrer to these two paragraphs of answer, it seems to us, in view of other facts which appear from the record, appellant cannot now be heard to complain. After the demurrer to the answer had been sustained, the original plaintiff and cross-plaintiffs filed additional paragraphs of complaint and cross-complaints, which were materially different from the originals. To these appellant did not tender any issue by affirmative answers, but contented herself to go to trial upon the general issue made by an answer in denial. Upon examination of the special findings, it seems plain to us that they were based upon the additional paragraphs of complaint and cross-complaints, and the issues thereon, and, this being true, it is plain that appellant was not harmed by the ruling on the demurrer, and hence it is too late for her to complain. It also appears from the special findings that they cover every substantial fact charged in her answer, and while the evidence is not in the record, we must indulge the presumption in favor of the trial court that every

fact found was based upon the evidence, and from the facts found it seems clear that appellant was not deprived of introducing evidence upon any material fact charged in her answer.

The determination of the questions presented by the remaining assignments of error depends upon the facts found and the conclusions of law stated. Without stating at length the facts, we will only give such an epitome of them as may be necessary to determine the questions presented. As to the work performed and materials furnished the court found every fact essential to the plaintiffs and cross-plaintiffs' rights to recover, and to have their respective liens foreclosed, if the other facts will warrant such conclusion. The court further found that appellant and William E. Taggart were husband and wife at the time the labor was performed and materials furnished; that they owned the real estate as tenants by the entireties, and that, after the dwelling was completed, appellant's husband died. It was also found that the said William E. undertook the construction of the dwelling in question, and did so construct it; that he purchased materials therefor from Kem and Wright and the cross-plaintiffs, and procured labor to be performed thereon; that the materials furnished were so furnished and sold to the said William E. upon his credit, and charged to him; that the labor performed was at the instance and request of William E., and the credit therefor was given to him; that cross-plaintiff Roberts was a carpenter and builder; that before the commencement of the work he and the said William E. prepared plans for said building, and discussed the proposed work in the presence and hearing of appellant; that, in the presence and hearing of said Roberts, she objected to the erection of said building for two reasons —first, that the proposed building was too expensive, and, second, that she and her husband were without means with which to pay for the same; that said objections were made by her before the work was commenced; that before the com-

mencement of, and during the progress of the work, she objected to the work to her husband; that in the same block where the real estate in question was located, she owned another lot; that while said house was being erected she had a garden growing upon said last named lot; that she visited it daily; that said new building was in full view, and she saw the work being done; that, during part of the time said house was being erected, the carpenters working thereon boarded at her house; that she knew of said improvement before it was commenced; that the work thereon was being done; that said building was being constructed; that material was being furnished therefor, and she made no objection thereto, except as above stated; that, when said materials were furnished, the parties furnishing the same were unknown to appellant, and she was unknown to them; that, after the several notices of liens were filed, appellant joined with her husband in an application for a loan on said property with which to pay off said liens; that after his death she made an attempt to procure a loan of money for such purpose, and visited each of said lien holders, and asked them to make a reduction on their claims; that the said William E., with his family, including appellant, moved into said house before it was fully completed, and that she has lived there ever since. Upon these facts, as conclusions of law, the court stated that plaintiffs and cross-plaintiffs were each entitled to recover the respective amounts found due, and to have their liens foreclosed. While it appears from these findings that appellant objected to the erection of the building, it also is found that she stood by, saw the work being done as it progressed, knew that materials were being furnished therefor, boarded the carpenters, moved into the new house, still occupies it, and has made two attempts to borrow money with which to pay and discharge the liens. She thus accepted the benefits accruing from the labor and materials which went into the building, and is still enjoying such benefits. It seems to us that this is a complete acceptance of the building which

was the result of the labor and materials performed and furnished by appellees, and a ratification of the acts of her husband.

It has been held in this State that where land is owned by husband and wife as tenants by the entireties, and the husband, with the knowledge of his wife, and without objection on her part, purchased material to replace a barn on said premises, which had been destroyed by fire, and the wife was present when the material was delivered and used in the construction of the building, and made no objection, the party furnishing the material may acquire and enforce a lien against such property. *Wilson* v. *Logue*, 131 Ind. 191. In that case, Coffey, J., said: "Under these facts we think she should not receive the aid of a court of equity to remove the lien for material used in the betterment of the property. It would be inequitable to permit her to receive and retain the full benefit of material used in the construction of the barn upon her property, under the circumstances here disclosed, and refuse to pay for it." In *Dalton* v. *Tindolp*, 87 Ind. 490, it was held that, where a husband and wife held real estate in joint tenancy, a mechanic's lien may be acquired thereon for materials for the construction of a dwelling house, under a written contract signed by the husband and not by the wife, where it appears that the wife acquiesced in, and consented to, the construction of the building.

In the case before us it does appear that appellant objected to the construction of the dwelling to Roberts and her husband, but that she stood by while the work was being done and materials being furnished, made no objection thereto, and then, by her own acts and conduct, accepted the building, and now occupies it as her home.

From the entire record, it appears to us that the merits of the case were fairly tried and determined in the court below; that a just and equitable conclusion was reached; and that there is no error for which a reversal should be ordered. Judgment affirmed.