MEANS ET AL. *v.* EVERITT ET AL.

[No. 19,076. Filed June 15, 1960. Rehearing denied October 7, 1960. Transfer denied December 21, 1960.]

*John R. Dollens*, of Scottsburg, for appellants.

*Harry E. McCalla*, of Scottsburg, and *Richard M. Givan*, of Indianapolis, for appellees.

Ax, P. J.—The main point involved in this appeal concerns the circumstances, if any, under which real estate owned by a husband and wife as tenants by the entirety can be subjected to foreclosure of a mechanic's lien properly filed and recorded for labor and materials furnished for the improvement of said real estate when such was contracted for only by the husband.

An action was brought by appellees to enforce a mechanic's lien upon certain described real estate in Scott County owned by appellants as tenants by entirety.

Appellees, by their complaint, alleged they were part-

ners and had entered into a contract with appellants by which they agreed to furnish the labor and materials to be used in the construction of a dwelling house on appellants' property; and that the labor and building materials which were used in the construction of a dwelling house thereon amounted to $911.04 which was unpaid. Appellants filed answer under Rule 1-3 denying all of the allegations.

The trial court found for appellees and entered judgment for appellees for the full amount of $911.04, plus attorney fees of $200.00, and interest and costs, and ordered foreclosure of the mechanic's lien.

Appellants assign as sole error the overruling of their Motion for New Trial. All causes in said Motion were waived by appellants in their brief, excepting the causes which specified that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellants contend that appellees have failed to establish a contractual relation between the appellees and Mrs. Means, one of the appellants, either directly, by implication, or by agency. They admit that a person may directly or by implication authorize another to act as his agent in the creation of liability for the purchase of materials and labor, but maintain there is no evidence of such authorization in this case. They argue that under Indiana law, real estate owned by a husband and wife as tenants by the entirety is not subject to a mechanic's lien for materials and labor furnished under a contract of the husband without the concurrence of the wife, and that even if the wife was aware of the work while it was in progress and made no active objection to it, such does not of itself charge her indivisible interest to such tenancy with a mechanic's lien. They concede that appellees would have, under the evidence, an action for debt against the appel-

lant husband. They further contend in their brief and argument that there is no evidence that the appellant wife either consented to, acquiesced in, or benefitted by this contract of her husband, and under the evidence, the most that could be inferred was that the appellant wife was aware of the contract of appellees and of the materials and labor being furnished thereunder. Further, they contend that such awareness is not sufficient evidence to support a decision of the court below that a mechanic's lien could be enforced against the real estate owned by appellants as tenants by the entirety.

In support of their contentions, appellants cite as controlling the cases of *Snelling et al.* v. *Wortman, Rec., et al.* (1940), 107 Ind. App. 422, 24 N. E. 2d 791; *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 1 N. E. 2d 286; and *Courtney* v. *Luce* (1936), 101 Ind. App. 622, 200 N. E. 501, for the proposition that something more than inactive consent is necessary to bind the owners' interest.

The case of *Abrams* v. *Silver, supra,* involved an appeal from a judgment of a lower court refusing to foreclose a mechanic's lien upon property of a landlord when a tenant had made repairs without the consent of the landlord. It did not involve tenancy by the entirety.

The case of *Courtney* v. *Luce, supra,* did not involve a tenancy by the entirety. It merely reaffirmed that "in order that a lien may attach to the real estate it is necessary that such materials should be furnished or labor performed by the authority and direction of the owner and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against him."

The *Snelling* case is cited in *Mann et al.* v. *Schnarr* (1950), 228 Ind. 654, 669, 95 N. E. 2d 138. However, in the *Mann* case, the Supreme Court went a step further

than in the *Snelling* case and reaffirmed the following statement of law:

"The husband may be the agent for the wife in making an authorized contract, or she may by her acts ratify an unauthorized contract. Or if the wife *knows* the improvement is being made on the real estate and *makes no objection* to those furnishing the labor and materials, and *does any affirmative act* consistent with her consent to the improvement, she consents to the creation of the lien and her interest in the real estate is subject to the lien even though she may not be personally liable on the contract. *Dalton* v. *Tindolph* (1882), 87 Ind. 490; *Wilson* v. *Logue* (1892), 131 Ind. 191, 30 N. E. 1079; *Taggart* v. *Kem* (1899), 22 Ind. App. 271, 53 N. E. 651." (Our emphasis.)

In the case of *Taggart* v. *Kem* (1899), 22 Ind. App. 271, 53 N. E. 651, cited by the Supreme Court in the *Mann* case, the Court even in the face of objections of the wife nevertheless found ratification of the contract. In the *Taggart* case, the husband and wife were tenants by entirety. The husband contracted with the plaintiff even though his wife *objected* before the work was commenced and also during the progress of the work. Notwithstanding such objections, the court found that the plaintiffs were entitled to have their liens foreclosed, stating the following:

"While it appears from these findings that appellant objected to the erection of the building, it also is found that she stood by, saw the work being done as it progressed, knew that materials were being furnished therefor, boarded the carpenters, moved into the new house, still occupies it, and has made two attempts to borrow money with which to pay and discharge the liens. She thus accepted the benefits accruing from the labor and materials which went into the building, and is still enjoying such benefits. It seems to us that this is a complete

acceptance of the building which was the result of the labor and materials performed and furnished by appellees, and a ratification of the acts of her husband.

It has been held in this State that where land is owned by husband and wife as tenants by the entireties, and the husband, with the knowledge of his wife, and without objection on her part, purchased material to replace a barn on said premises, which had been destroyed by fire, and the wife was present when the material was delivered and used in the construction of the building, and made no objection, the party furnishing the material may acquire and enforce a lien against such property. *Wilson* v. *Logue,* 131 Ind. 191. In that case, Coffey, J., said: 'Under these facts we think she should not receive the aid of a court of equity to remove the line for material used in the betterment of the property. It would be inequitable to permit her to receive and retain the full benefit of material used in the construction of the barn upon her property, under the circumstances here disclosed, and refuse to pay for it.' "

In view of the *Taggart* case, the case at bar is even stronger in favor of the appellees, because here no objection was made by the wife.

Using the *Mann* and *Taggart* cases as our guides, we are here confronted with the proposition that, if there is any evidence in the case at bar that the appellant wife *had knowledge* that the improvements were being made, that she *made no objection* to those providing the labor and materials, and that she *performed any affirmative act* consistent with her consent to the improvements, she consents to the creation of the lien and her interest to the real estate is subject to the lien even though she may not be personally liable on the contract.

In considering the evidence most favorable to the appellee and resolving all inferences deductible there-

from in favor of the appellees, even though some of the evidence may be disputed, we are of the opinion that there was sufficient evidence from which the court trying the case could have properly determined that the appellant wife *had knowledge* that the materials and labor were being furnished by appellees, that she *made no objection* to the furnishing of labor and materials by appellees, and that in addition she *performed affirmative acts* which would indicate her ratification of the contract entered into by her husband for the furnishing of such labor and materials.

In reviewing the evidence favorable to appellees covering the above specified points, we find that one of appellees, Thomas B. Everitt, stated that he had talked to both of the appellants concerning the job—that he knew that the appellant, Mrs. Means, was fully aware that the work was in progress; that the work had been furnished and materials delivered at the request of the defendants (appellants).

Although the appellants strongly urge that appellant, Mrs. Means, knew nothing of this construction until after the materials had been delivered and the work discontinued, we are of the opinion that the statement made by Mr. Means upon cross-examination would disprove this contention. After stating that his wife was in Indianapolis at the time of the construction and delivery of the materials he was asked what had happened and made the following answer:

"We got in an argument and she didn't want me to go on, so she took off."

Thus, the court could properly have inferred that the appellant wife *had knowledge* of the improvements and of the contract of her husband for the improvements.

A search of the record fails to disclose any evidence, nor do the appellants make any contention that the appellant, Mrs. Means, in any manner conveyed to appellees her *objection* to the work to be done or materials to be furnished.

We also find that there was evidence that appellant, Mrs. Means, *performed affirmative acts* from which the court below could draw the inference that she had ratified the furnishing of labor and materials. This is found in the evidence from the testimony of Noah Bruce, brother of Mrs. Means, who aided Mr. Means in part of the construction in question. Mr. Bruce testified that he talked to Mrs. Means when he went to pick up Mr. Means on the morning they poured the foundation and that she told him to talk to Mr. Everitt because "I have nothing to do with the laying of the blocks or nothing on the building." Also, there was evidence that following her husband's failure to continue under the contract with the appellees, Mrs. Means attempted to continue negotiations with appellees in her own name.

Appellants have not argued in their brief that there was insufficient evidence as to proof of other essential allegations contained in the complaint and being necessary to sustain the judgment rendered. We will therefore not review the evidence as any insufficiency in the evidence to prove any other necessary allegations is waived by appellants' failure to point out such insufficiency and argue same in their brief.

From the entire record, it appears that the merits of the case were fairly tried and determined in the court below; that there was sufficient evidence to sustain the decision of the trial court, and that the decision was not contrary to law.

Judgment affirmed.

Myers and Ryan, JJ., concur.

Cooper, J., concurs in result only.

NOTE.—Reported in 167 N. E. 2d 885. Transfer denied, Achor, Acting C. J.; Jackson, J., dissents.