Wright, Administrator, v. McLarinan.

No. 10,532.

## WRIGHT, ADMINISTRATOR, v. McLARINAN.

INFANT.—*May Sue as Poor Person Without Prochein Ami.*—When an infant plaintiff can not procure any person to act as next friend, and it is shown that such person has but little means, it is not error to allow such person to prosecute as a poor person; and when such order is obtained such person is authorized to prosecute without a next friend.

SAME.—*Attorney as Prochein Ami.*—*Costs.*—The requirement of the statute, R. S. 1881, sec. 260, that the court shall assign such person an attorney, is substantially complied with by appointing the attorney of such person as next friend without liability for costs.

SAME.—*Non-Resident.*—*Cost Bond.*—So long as such order remains in force, such person is not liable for costs, and though such person becomes a non-resident of the State, a bond for costs can not be required.

SAME.—*Action for Infant's Services.*—*Answer.*—*Maintenance in Family.*—*Decedents' Estates.*—*Promise.*—*Member of Family.*—In an action by such infant to recover for domestic services rendered, an answer that the decedent's husband furnished such infant with various articles, and after his death the decedent also furnished such infant with boarding, clothing, books, etc., while she was a member of the decedent's family, etc., is insufficient upon demurrer. The right to recover for the portion furnished by the husband belongs to his personal representative, and the law implies no promise upon the infant's part to pay the decedent for boarding, clothing, books, etc., while she remained a member of the family.

SUPREME COURT.—*Brief.*—*Waiver.*—The failure to mention a ruling other than to refer to the page of the record where it may be found, is a waiver of any question arising upon such ruling.

SAME.—*Harmless Error.*—*Contract.*—*Evidence.*—*Pleading.*—*Finding.*—The admission of improper testimony in support of an express contract, declared upon in one paragraph of the complaint, is rendered harmless by a finding against such cause of action.

From the Harrison Circuit Court.

*L. Jordan,* for appellant.

BEST, C.—The appellee, an infant, by her next friend, filed a claim against the estate of Mary A. Porterfield, deceased, for services rendered by her as a domestic for said decedent, from March, 1872, to March, 1878.

This claim was not allowed; passed to the issue-docket; issues were formed; a trial had, and, over a motion for a new trial, judgment was rendered for the appellee for $150.

Many alleged errors have been assigned, and those noticed in appellant's brief will now be considered.

Pending these proceedings the next friend was removed; the appellee was permitted to prosecute as a poor person, and her attorney, Robert J. Tracewell, was substituted as next friend, upon condition that he should not be responsible for costs. The last two orders are questioned.

The order that the appellee should be permitted to prosecute as a poor person was made after the removal of her next friend, upon a showing that she could not obtain a responsible person to act in such capacity, and that she only possessed a bed and sewing machine, of the value of $50. This was not controverted, and must be regarded as established. This fact being established, we think the court, in view of the contest disclosed by this record, did not err in permitting the appellee to prosecute the action as a poor person.

The appellee having been permitted to prosecute the action as a poor person, it was unnecessary for her to do so by next friend, but she was authorized to do so without such friend. *Hood* v. *Pearson*, 67 Ind. 368.

The statute in such cases requires the court to assign such person an attorney to prosecute the case, and as this was not in terms done, the appellant insists that it was error to permit such person thus to prosecute without the appointment of such attorney. Without holding that the failure to do so is an available error, we think this was substantially done in this case. The appellee's attorney was appointed next friend, upon the condition that he should not be liable for costs, and thereafter he sustained just such relation to the case as if he had been named as an attorney instead of next friend. Under these circumstances, it was his duty to aid and assist the appellee, and no greater duty would have been imposed by naming him as an attorney. The object of the statute was thus reached, perhaps, in an irregular way, but this does not constitute an available error, as the appellant was in no manner injured by the mode adopted. There was, therefore, no available error in these rulings.

While these proceedings were pending the appellee attained full age, got married, and thereafter, upon affidavit filed that she had become a non-resident of the State, a motion was made to require her to give security for costs. This motion was overruled, and this ruling is questioned.

The order made permitting her to prosecute the case as a poor person relieved her from any obligation to secure the costs, and so long as that order remained in force, it protected her against any such application. The fact that she attained full age, had married and become a non-resident, did not invalidate the order nor deprive her of its protection. For aught that these things disclose, she may have remained as needy as when the order was made. There was, therefore, no error in this ruling.

The appellant insists that the court erred in sustaining a demurrer to the seventh paragraph of the answer. This paragraph alleged in substance that the decedent's husband had taken the appellee from a charitable institution, had reared her as a member of the family, had during this time furnished her books, schooling, clothing, etc.; that since his death in 1872 she continued to live with the decedent as a member of her family, and that she furnished her with boarding, clothing, books, etc., and educated her at great expense, to wit, $2,000, which the defendant offers to set off, etc.

The appellant was not entitled to recover for any thing furnished by the decedent's husband, as this belonged, if to any one, to the husband's representative. *Davis* v. *Davis*, 85 Ind. 157.

Nor did the facts averred entitle the appellant to recover for the clothes, boarding and schooling furnished the appellee. These were furnished while the appellee was a member of the decedent's family, and under these circumstances the law will not imply a promise to pay for them. This paragraph was in the nature of a complaint, and as the facts averred did not entitle the appellant to recover, the demurrer was properly sustained. *Medsker* v. *Richardson*, 72 Ind. 323; *Brown* v. *Yaryan*, 74 Ind. 305.

The court sustained a demurrer to the sixth paragraph of the answer, and this ruling is assigned as error, but as the appellant says nothing about it other than to refer us to the page and line of the record where the answer may be found, this ruling must be regarded as waived by the failure to mention the question raised by the ruling. *Bennett* v. *State, ex rel.*, 22 Ind. 147; *Harrison* v. *Hedges*, 60 Ind. 266.

The motion for a new trial embraced many causes.

The first alleged cause for a new trial was the admission of William J. Porterfield's testimony. This witness was the appellee's brother, and he lived with the decedent until about two years after her husband's death. He was permitted to testify that the decedent, about one year after he left her service, said to him that he had lost by leaving, as she intended to give the appellee one-half of her property. This testimony was evidently admitted in support of the second paragraph of the complaint, which alleged such contract and its breach, and, if inadmissible, its admission did the appellant no injury, as the court found against the appellee upon such cause of action. This cured any error that may have been committed in the admission of this testimony.

The testimony of Amanda Sherman was of a similar character, and as its admission was in support of the second paragraph of the complaint, the finding upon this paragraph rendered the admission of this testimony harmless, if otherwise erroneous.

The testimony of the various witnesses as to the value of the decedent's property was admitted also in support of the second paragraph of the appellee's complaint, and was, for such purpose, properly admitted.

This disposes of all the questions discussed, and as there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.

Filed Dec. 13, 1883.