Filed February 14, 1893.

------◆------

No. 662.

STONER *v.* THE LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY.

BILL OF EXCEPTIONS.—*Presentation Beyond Time Limited.*—*Time of Presentment.*—*How Shown.*—*Certificate of Judge.*—Where the certificate of the judge at the close of a bill of exceptions states that the bill was presented for signature on a certain date, which was beyond the time allowed, and there is no statement in the bill that it was presented at any other or different date, such bill will not be a part of the record. The law requires that the date of presentation be stated in the bill, preceding the signature of the judge to the bill.

From the Monroe Circuit Court.

*W. S. Scott*, for appellant.

*E. C. Field* and *W. S. Kinnan*, for appellee.

Stoner v. The Louisville, New Albany & Chicago Railway Company.

Ross, J.—The appellant brought this action against the appellee to recover the possession of certain household goods which he alleged he was the owner of, and to which he was entitled to the immediate possession, and which the appellee unlawfully detained from him. Issue was formed by the appellee filing an answer of general denial. The cause was tried by the court, and on the 23d day of May, 1891, the court made a finding in favor of the appellee, and at once entered judgment thereon.

On the 26th day of May the court changed its finding and judgment to a finding and judgment in favor of the appellant, subject to a lien in favor of appellee for freight charges.

On May 27th the appellant filed a motion for a new trial, which was overruled, and he excepted, and was given sixty days to prepare and file his bill of exceptions.

On the 5th day of October, 1891, appellant filed his bill of exceptions containing the evidence.

The only error assigned in this court, by the appellant, is that "said court erred in overruling appellant's motion for a new trial," and the only causes assigned for a new trial were:

"*First.* The finding of the court is not sustained by sufficient evidence.

"*Second.* The finding of the court is contrary to law."

Section 629, R. S. 1881, provides that a "Party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause." * * * "The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same."

The certificate attached to the bill, and signed by the judge, reads as follows:

"And the plaintiff now tenders his bill of exceptions, and prays the same may be signed and sealed and made a

part of the record, which is done this 5th day of October, 1891."

Then follows a memorandum, which was also signed by the judge in these words:

"This bill of exceptions presented to me this 18th day of July, 1891, and the same is taken under advisement."

The certificate of the judge, at the close of the bill, is that it was presented for signature on the 5th day of October, 1891, and there is no statement in the bill that it was presented on any other or different day. A memorandum of the date of presentation, although signed by the judge, does not meet the requirements of section 629, *supra.* The date of presentation must be stated in the bill preceding the signature of the judge to the bill. *White* v. *Gregory,* 126 Ind. 95, and cases cited.

The evidence not being in the record, no question is presented for the consideration of this court.

Judgment affirmed.

Filed February 15, 1893.