Filed March 14, 1893.

---

No. 16,184.

THE FULLER AND FULLER COMPANY *v.* MEHL ET AL.

FRAUD.—*Question of Fact.*— *When Evidence will not be Weighed on Appeal.*—Fraud is a question of fact, and where the execution of chattel mortgages within a short time before making a deed of assignment is found as a fact not to have been fraudulently made, the appellate tribunal will not weigh the evidence to determine whether the finding is supported thereby.

POOR PERSON.— *Prosecuting as.*— *Non-Resident.*— *Cost Bond not Required.*—*Statute Construed.*—*Sections 589 and 260, R. S. 1881.*—A nonresident, who has been permitted to prosecute an action as a poor person, can not be required, under section 589, R. S. 1881, to give a cost bond, section 260, R. S. 1881, being construed as an exception to section 589, *supra.*

From the Miami Circuit Court.

*J. Mitchell* and *S. D. Carpenter*, for appellant.

*W. E. Antrim* and *J. N. Tillett*, for appellees.

HACKNEY, J.—The appellant sought to have declared void three chattel mortgages executed by William Mehl, on the 16th day of October, 1889, one to Caroline Mehl, one to Edward Gruber, and one to Matilda Mehl and others, children of said William. The bill alleged that appellant was a creditor; that William Mehl, to cheat, hinder and delay appellant, as such creditor, executed

said mortgages fraudulently and without consideration, and in contemplation of a voluntary assignment of his property, which he thereafter made to the appellee Beck, on the 17th day of October, 1889. Upon proper issues joined, the cause was tried and resulted in a finding in favor of the validity of said mortgages.

But two questions are discussed by the appellant under the numerous assignments of error, namely: *First.* That the relationship between the parties to the several mortgages, the circumstances attending the creation of the alleged indebtedness secured by each of said mortgagees, and the execution of the mortgages within a few hours of the execution of the deed of assignment, are circumstances necessarily involving the conclusion that the mortgages were fraudulent and that the property should go into the hands of the assignee, free from any liens, in favor of the appellees. *Second.* That the court erred in permitting the children of said William to defend the action and to prosecute a cross-action to forclose their mortgage as poor persons and without a cost bond, they being then non-residents of the state of Indiana.

The first of these contentions has been before this court in a number of cases, and has been firmly settled against the insistence of the appellants. It is no longer an open question in this state that a failing debtor may prefer *bona fide* creditors by executing to them chattel mortgages before making a deed of assignment, even if the execution of the two instruments are, in point of time, very close together. *Stix* v. *Sadler*, 109 Ind. 254; *Gilbert, Assignee,* v. *McCorkle,* 110 Ind. 215; *Carnahan* v. *Schwab,* 127 Ind. 507; *John Shillito Co.* v. *McConnell,* 130 Ind. 41.

In the last case cited it is said: "The *bona fides* of such transaction is, of course, always open to inquiry. It is always competent to enquire if the debt purporting to be secured is a *bona fide* debt; whether or not the

The Fuller and Fuller Company v. Mehl et al.

transaction, while ostensibly to secure a debt of the insolvent, is not, in fact, a collusive attempt by the debtor and a pretended creditor to withhold the debtor's property from the operation of the assignment for the debtor's benefit.'' In the case in review it was found that the debts secured were valid, and that the mortgages executed were not fraudulent. We can not look to the weight of the evidence to determine if this finding is supported thereby. Fraud is a question of fact under our statute, and should be found as a fact. *Stix* v. *Saddler, supra; Rose* v. *Colter,* 76 Ind. 590. The fact is found here not to exist. We can not, in the absence of the finding of such fact, and much less where it is found not to exist, presume that fraud exists. *Straight* v. *Roberts,* 126 Ind. 383; *McFadden* v. *Ross,* 126 Ind. 341.

R. S. 1881, section 260, provides that ''any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person.'' R. S. 1881, section 589, provides that nonresident plaintiffs shall give security for all costs which may accrue in the action.

The court permitted certain of the appellees to prosecute their cross-complaint as poor persons, and denied appellant's motion to require security from them for such costs as might accrue upon their cross-action. A strict construction of section 589, *supra,* as above, would, in a case like the one under consideration, defeat the object of section 260, *supra,* above quoted, in denying to poor persons, whose rights must be enforced in the courts of this state, the same opportunities for obtaining justice ''freely and without purchase; completely, and without denial;

speedily, and without delay,'' as are accorded to the rich. The Legislature did not deem it the part of wisdom to extend this salutary provision only to the poor of this state, but its language is so comprehensive as to include the.poor whose rights are to be enforced in the courts of Indiana.

The two statutes should be construed together; section 589, *supra*, as providing the rule, and section 260, *supra*, as creating the exception. So construing the provisions, no error was committed by the court.

We have inclined, without a motion by the appellees, to dismiss the appeal herein for noncompliance with rule six of this court, and certainly should have done so upon motion.

Judgment affirmed.

