556    APPELLATE COURT OF INDIANA,

The Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. v. Jacobs.

No. 1,075.

## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. Jacobs.

Poor Person.—*Right to Prosecute as.*—*Nonresident.*—The statute giv-
ing to certain persons the right to prosecute or defend as a poor per-
son, applies to nonresidents as well as to residents, and in the event
such person is a nonresident, he can not be required to give bond
for costs, even though he might have brought his action in his own
State.

From the Clark Circuit Court.

*S. Stansifer*, for appellant.
*J. H. Smith* and *J. K. Marsh*, for appellee.

Lotz, J.—The appellee brought this action to recover
damages for personal injuries sustained by her through
the alleged negligent conduct of the appellant.

In the court below, the appellant filed an affidavit
showing that the appellee was a nonresident of the State
of Indiana, and moved that she be required to give se-
curity for the costs of the action.   This motion was sus-
tained, and the appellee was ordered to file a cost bond
within a fixed time.   The appellee then filed and pre-
sented to the court her affidavit showing that she was a
poor person and had not sufficient means to prosecute
her action, being wholly without money or property of
any kind whatever.   On this showing, she moved that
she be permitted to prosecute her action as a poor per-
son.

The appellant filed a counter-affidavit, from which it
appears that the appellee was a resident of the city of
Louisville, in the State of Kentucky, and that appel-
lant's railroad extends to and into said city, and that its
principal office and officers are located there; that appel-

The Piitsburgh, Cincinnati, Chicago and St. Louis Ry. Co. v. Jacobs.

lee could sue in the courts of the State of Kentucky and obtain jurisdiction over the appellant therein.

The court sustained appellee's motion, and ordered that she be permitted to prosecute her suit as a poor person, without bond for costs, and appointed an attorney to assist her in said suit; and further ordered that the attorney serve without compensation from the county. This order and decision of the court is one of the errors assigned in this court.

The identical question here presented has not, to our knowledge, ever been decided in this State. The courts of this State are open equally to all residents of the State, with, perhaps, the bare exception of infants or persons under certain legal disabilities.

In the case of infants it is provided that before any process shall issue some responsible person shall consent in writing to appear as next friend, and such next friend shall be responsible for costs. Section 256, R. S. 1881.

The purpose of this statute, possibly, is to protect the estate of the person under disability rather than to secure the payment of the costs to the officers and person entitled to them.

Section 260, R. S. 1881, is as follows: "Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor from such poor person."

It is apparent from the reading of this section, that the

courts are equally open to the rich and the poor.   If a person be too poor to employ counsel to prepare and bring his action he may, nevertheless, appear in court and have counsel assigned him for that purpose, or having instituted his action or being made a defendant, he may have counsel assigned him to further prosecute or defend.   Whatever is done for such a person under such circumstances is a clear gratuity, a charitable act.

By section 589, R. S. 1881, it is provided that "Plaintiffs who are not residents of this State, before commencing any action, shall file in the office of the clerk a written undertaking   *   *   *   for the payment of all costs."

If a nonresident plaintiff institute an action in the courts of this State, he is liable to have it dismissed for want of security for costs.   Can such plaintiff avail himself of section 260, *supra*, and prosecute his action *in forma pauperis?*   If so, then gratuity and charity may be extended to the unfortunate poor of other States, as well as our own.   Is this the purpose of the statute?   At common law the right to sue as a pauper did not exist in actions at law.   But in equity, where the costs rested with the chancellor, it has been said that as a general rule "there is no sort or condition of persons who may not sue in a court of chancery; and this rule extends to the most distressed pauper, and that without being required to give security for costs."   8 Am. and Eng. Encycl. of Law, 545; 1 Daniel Ch. Pl., 37.

Under a statute of New York, similar to our own, in 10 Abb. N. Cas. 80, anonymous, it was said by Barrett, J.:   "A nonresident should not be allowed to sue *in forma pauperis*.   It could never have been the legislative intent to extend the privileges of the act to objects of charity from all quarters of the globe.   The law even discriminates against nonresidents generally,

so far as to compel them to give security for costs. Then such statutes should be strictly construed against the appellant (2 Hill, 412)."

In *Christian* v. *Gouge*, 10 Abb. N. Cas. (N. Y.) 82, Sedgwick, J., said: "The letter and policy of the acts in relation to security to be given by nonresident plaintiffs, indicate that it is not unjust or impolitic to refuse leave to a nonresident to sue here, unless he give security for costs, even though in fact he is pecuniarily responsible. He must furnish some one who will respond for him in this State. If he can not, the State does not furnish him the means of pursuing a remedy here. It seems to me inconsistent with this policy, that an irresponsible non-resident should be allowed to sue without even a liability for costs."

In *Porter* v. *Jones*, 68 N. C. 320, the plaintiff was a resident of the State of Tennessee, and the statute of North Carolina enacts that any judge of the Superior Court may authorize *any person* to sue as a pauper when he shall comply with the terms of the act. It was held that a citizen of a sister State stands upon a very different footing from a citizen of a foreign government, and that the expression "any person" was broad enough to permit the plaintiff to sue as a poor person.

In *Wright, Admr.*, v. *McLarinan*, 92 Ind. 103, the plaintiff, while a minor, commenced an action by her next friend. The next friend was removed and she was then permitted to prosecute as a poor person. While the proceedings were pending, she attained full age, got married and became a nonresident of the State. On a motion to require her to give security for costs it was held that the fact that she had attained full age and became a nonresident did not invalidate the order permitting her to prosecute as a poor person.

The court said: "For aught that these things dis-

close she may have remained as needy as when the order was made.''

It should be borne in mind, however, in this last case that at the time the plaintiff instituted her suit she was under no obligation to give a cost bond. Her entry into the court was not attended with any conditions. Having once attained a rightful standing in court, she ought not lose it by reason of a failure to give security for costs resting upon a subsequent condition.

In *Hoey* v. *McCarthy*, 124 Ind. 464, this question is discussed to some extent, but as the Supreme Court refused to interfere with the discretion given to the trial court in ordering a nonresident plaintiff to give security for costs, nothing therein said can be considered as authority on the point here involved.

*Fuller & Fuller Co.* v. *Mehl*, 134 Ind. 60, 33 N. E. Rep. 773, was an action to have three chattel mortgages declared void. These mortgages were made by William Mehl, and one of them was executed to his children. The action was by the creditors of William, and the purpose was to subject the property covered by the mortgages to the payment of their debts. The children of William were made parties defendant. They were permitted ''to defend the action and to prosecute a cross-action for the foreclosure of their mortgage as poor persons and without cost bond, they being then nonresidents of the State of Indiana.''

In the course of the opinion the court, by HACKNEY, J., made use of this language: ''A strict construction of section 589, *supra*, as above, would, in a case like the one under consideration, defeat the object of section 260, *supra*, above quoted, in denying to poor persons whose rights must be enforced in the courts of this State the same opportunities for obtaining justice 'freely and without purchase; completely, and without denial; spee-

dily, and without delay,' as are accorded to the rich. The Legislature did not deem it the part of wisdom to extend this salutary provision only to the poor of this State, but its language is so comprehensive as to include the poor whose rights are to be enforced in the courts of Indiana. The two statutes should be construed together; section 589, *supra*, as providing the rule, and section 260 as creating the exception. So construing the provisions, no error was committed by the court.''

It is undeniably true that there is a very marked difference between the attitude of a nonresident who comes voluntarily into the courts of this State and sets the machinery of justice in motion and that of a nonresident who is involuntarily brought into court, in the matter of giving security for costs.

In the latter case, the defendant may do whatever is necessary to preserve his rights, either by defending or prosecuting a cross-action to protect and secure his rights in the subject-matter of the controversy, and that, too, without being required to give a cost bond. If it were otherwise, an unfortunate nonresident might have his hands tied while being stripped of his rights.

Section 589, *supra*, does not apply to nonresidents who are sued in the courts of this State. It does not require a nonresident defendant to give security for costs, and there is no occasion to apply to the court for the privilege of defending or prosecuting a cross-action as a poor person in order to be excused from giving a cost bond.

The real point in decision in *Fuller & Fuller Co.* v. *Mehl, supra*, was whether or not a nonresident defendant, when sued in the courts of this State, may prosecute a cross-action without being required to give a cost bond. The court rightfully held that he could not be required

to give security for costs. The court, however, in the language above quoted, seems to rest its decision on the fact that the defendants were excused from furnishing a cost bond because of being poor persons. If this be the proper construction of the language, then that case furnishes the rule for the decision here.

Appellant further contends that as it was made to appear by the counter-affidavit that the appellee could obtain jurisdiction over it in the courts of the State of which she was a resident, such fact should be taken into consideration in determining her right to prosecute as a poor person in the courts of this State.

Actions for the recovery of damages for personal injuries are transitory and may be brought in any jurisdiction in which the defendant resides. *Burns, Admr.,* v. *Grand Rapids, etc., R. R. Co.,* 113 Ind. 168 (172).

When the defendant is a resident of several States, we think it is the privilege of the plaintiff to determine in which jurisdiction she will prosecute her transitory action.

The court did not err in permitting the appellee to prosecute her action without giving security for costs.

The only other error assigned is that of overruling the demurrer to the second paragraph of complaint. We have examined this paragraph with care, and are satisfied that it was sufficient to withstand the demurrer.

Judgment affirmed, at costs of appellant.

Filed Jan. 23, 1894.