## SISSENGUTH *v.* BOURNE ET AL.

[No. 8,520.   Filed February 16, 1915.]

1.  LARCENY. — *Prosecution.* — *Jurisdiction.* — *City Court.* — Under
    §8842 Burns 1914, Acts 1905 p. 236, §216, the city court has
    jurisdiction to try and determine a prosecution for petit lar-
    ceny.  p. 98.
2.  ACTION. — *Prosecution as Poor Person.* — *Nonresident.* — Under
    §§261, 616 Burns 1914, §§260, 589 R. S. 1881, one may be per-
    mitted to prosecute an action as a poor person, even though not
    a resident of the State.  p. 98.

From Superior Court of Marion County (79,787); *Clarence
E. Weir*, Judge.

Action by Flora Bourne against Dietrich Sissenguth and
another. From a judgment for plaintiff, the defendant
named appeals. *Affirmed.*

VOL. 58—7

*J. Fred Masters* and *James E. Babcock,* for appellant.

*Ira M. Holmes,* for appellee.

PER CURIAM.—This is an appeal from a judgment for malicious prosecution in favor of appellee, Flora Bourne, against appellant. Two errors are assigned. The first questions the sufficiency of the complaint on the ground

1. that the city court of Indianapolis in which appellee was prosecuted for petit larceny did not have jurisdiction to try and determine the case. The complaint is good as against this objection. §8842 Burns 1914, Acts 1905 p. 236, §216. *Cottrell* v. *Cottrell* (1890), 126 Ind. 181, 25 N. E. 905.

By the second assignment it is asserted that the court erred in sustaining appellee's motion to prosecute as a poor person, though a nonresident of the State. The question

2. tion is settled adversely to appellant's contention by §§261, 616 Burns 1914, §§260, 589 R. S. 1881, as construed by the following decisions: *Pittsburgh, etc., R. Co.* v. *Jacobs* (1893), 8 Ind. App. 556, 36 N. E. 301; *Fuller & Fuller Co.* v. *Mehl* (1893), 134 Ind. 60, 33 N. E. 773.

Judgment affirmed.

NOTE.—Reported in 107 N. E. 743. As to what is necessary to support an action for malicious prosecution, see 12 Am. Dec. 265; 26 Am. St. 127. See, also, under (1) 12 Cyc. 201; (2) 11 Cyc. 200.