# HAEHNEL ET AL. *v.* SEIDENTOPF.

[No. 9,424.   Filed December 13, 1916.]

1. COSTS.—*Bond.—Permission to Sue as a Poor Person.—Nonresidence of Plaintiff.*—A party granted the right to prosecute an action as a poor person under §261 Burns 1914, §260 R. S. 1881, relating to the appointment of attorneys for persons without means to prosecute or defend actions, cannot be required to give a bond for costs because he thereafter becomes a nonresident of the state. p. 220.

2. APPEAL.—*Presentation of Error.—Motion for New Trial.—Assignment of Error.*—A specification in a motion for a new trial, alleging that the trial court erred in not requiring a bond for costs to be filed by plaintiff, who became a nonresident of the state subsequent to the commencement of his action, does not present any question for review as to the court's ruling permitting plaintiff, after the motion for a cost bond, to prosecute his action as a poor person, since such ruling must be challenged by an independent assignment of error. p. 221.

3. COSTS.—*Bond.—Permission to Sue as a Poor Person.—Nonresidence of Plaintiff.—Ruling of Trial Court.—Presumption.*—In the absence of an assignment of error challenging the action of the trial court in permitting plaintiff, after a motion had been filed to require him to furnish a cost bond because he was a resident of another state, to prosecute his suit as a poor person, it will be assumed on appeal that the ruling of the trial court was proper, and it was not, therefore, error to overrule the motion for a bond for costs. p. 221.

4. EXCEPTIONS, BILL OF.—*Time of Presenting for Signing.—Recitals in Bill.*—The recital in a bill of exceptions of the day it was presented to the judge for signing, which was after the time given to file the bill, will be taken as correct, regardless of a recital that it was presented within the time allowed for filing. p. 221.

5. APPEAL.—*Presenting Questions for Review.—Bill of Exceptions.—Time for Signing and Settlement.*—The bill of exceptions containing the evidence must be presented to the trial judge for his signature within the time fixed for filing the bill in order to present for determination on appeal any questions requiring a consideration of the evidence. p. 222.

6. APPEAL.—*Questions Reviewable.—Sufficiency of Complaint.—Waiver of Defects.—Statute.*—Since the enactment of §3481 Burns 1914, Acts 1911 p. 415, an assignment of error challenging the complaint for not stating facts sufficient to constitute a cause of action is no longer available. p. 222.

7. PLEADING.—*Complaint.—Motion to Make More Specific.—Knowledge.*—Where, in an action to foreclose a mechanic's lien, the complaint alleged that the property on which the lien was taken was owned by the defendants, husband and wife, as tenants by entireties, that the buildings erected on the premises were constructed under a contract with the husband with the full knowledge, consent and acquiescence of the wife, and that in all things relating to the contract the husband acted as her agent, a motion to make the complaint more specific as to what knowledge, if any, the plaintiff had given to the wife concerning the contract for the erection of the buildings was properly overruled, since the averments of the complaint, in effect, charge the wife with having all knowledge possessed by the husband. p. 222.

8. MECHANICS' LIENS.—*Husband and Wife.—Tenancy by Entireties.—Liability of Wife for Improvements.—Statute.*—Section 7860 Burns 1914, §5123 R. S. 1881, which requires the written consent of the wife in order to charge her personally and alone with repairs or improvements made on her separate real estate by order of the husband, has no application to real estate which the wife and husband own as tenants by the entireties. p. 223.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by Frank Seidentopf against Herman Haehnel and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*John M. Stinson,* for appellants.
*Milo M. Bruce,* for appellee.

HOTTEL, J.—Appellee, in a complaint in one paragraph, sought to recover of appellant a balance alleged to be due him on account of work and labor performed and material furnished in the erection of certain buildings on appellants' real estate described in the complaint, and to foreclose a mechanic's lien on said premises. A motion to make the complaint more specific, and a demurrer to the complaint were each overruled. The appellants filed an answer in denial and a counterclaim. There was a trial by the court and a general finding that there was due appellee on his complaint the sum of $440, and a finding for appellants on their cross-complaint in the sum of $190, that appellee should have judgment for $250, plus an attorney fee of

$40, which sum was declared to be a lien upon said real estate. Judgment was rendered for appellee in accord with the finding. Appellants filed a motion for new trial which was overruled. During the progress of the trial, it developed that appellee, after filing his suit, had changed his residence from that part of the city of Hammond which is located in the State of Indiana, where he resided when his action was begun, to a part of said city located in the state of Illinois. Thereupon appellants moved the court to require appellee to give a cost bond. The appellee then filed a petition to prosecute his action as a poor person, and supported the same by an affidavit, whereupon the court permitted him to so prosecute his action, to which ruling of the court the appellants excepted.

The several rulings of the trial court above indicated, except the last, are each separately assigned as error in this court and relied on for reversal. The ruling last above indicated is attempted to be presented by the first ground of appellants' motion for a new trial, in the following words, viz.: "That the Court erred in not requiring plaintiff to file bond for costs, the plaintiff being a nonresident at the time of the beginning of the trial."

This is not the ruling shown by the record to have been made by the court. The only ruling disclosed by the record affecting this question is the ruling permitting appellee to prosecute his action as a poor person. Assuming, however, that the ruling made had the effect of a refusal by the court to require appellee to file a cost bond, and assuming also, without so deciding, that such ruling is properly presented by the ground of the motion for new trial, *supra,* rather than by an independent assignment of error, the record discloses that appellee, to relieve himself of the necessity of giving such bond, made an application, supported by affidavit, to prosecute his action as a poor

1. person. If, before becoming a nonresident of the State, he had made a proper application to prosecute

his action as a poor person, and such application had been granted by the court, his removal from the State afterwards would not have necessitated the giving of a cost bond. *Wright, Admr.*, v. *McLarinan* (1883), 92 Ind. 103, 105; *Fuller, etc., Co.* v. *Mehl* (1893), 134 Ind. 60, 62, 63, 33 N. E. 773; *Pittsburgh, etc., R. Co.* v. *Jacobs* (1894), 8 Ind. App. 556 *et seq.*, 36 N. E. 301; §261 Burns 1914, §260 R. S. 1881. We do not see any substantial difference between the question here attempted to be presented and that determined in the cases cited, *supra.* In any event, the action of the court in permitting appellee to

2. prosecute his action as a poor person is not challenged by said ground of appellants' motion for a new trial, and could not be properly challenged thereby, as such ruling constitutes a cause for independent assignment of error. *Pittsburgh, etc., R. Co.* v. *Jacobs, supra,* p. 557.

Assuming, therefore, as we must, in the absence of such a challenge, that the action of the trial court, permitting appellee to prosecute his action as a poor person,

3. was proper, it follows as a matter of course that no error resulted from refusing to require appellee to give a cost bond.

The other grounds of appellants' motion for new trial challenge the admission and exclusion of evidence, and attempt to present such questions as can be presented only by the general bill of exceptions containing the evidence.

The record discloses that the judgment was rendered March 30, 1915, and the motion for a new trial overruled June 30, 1915, from which time the appellants

4. were given sixty days to file their bill of exceptions. There is nothing in the record to show that this time was ever extended under §661 Burns 1914, Acts 1911 p. 193. The bill of exceptions shows that it was presented to the judge for his signature August 31, 1916, more than sixty days after the overruling of the motion for new trial, and

hence not within the time granted by the trial court. The bill recites that "on this the 31st day of August 1915 and *within the time allowed by the Court for the filing of their bill of exceptions * * * the said defendants presented to the Judge * * * their bill of exceptions,"* etc. (Our italics.)

The recital in the bill of the day it was presented will be taken as correct regardless of the italicized language, *supra,* which follows: *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 431, 79 N. E. 369, 11 Ann. Cas. 879.

In order to present any question, the proper determination of which in any way depends on the evidence, the bill of exceptions containing such evidence must be presented to the trial judge within the time fixed for filing the same. *Joseph* v. *Mather* (1887), 110 Ind. 114, 115, 116, 10 N. E. 78; *Cornell* v. *Hallett* (1895), 140 Ind. 634, 646, 40 N. E. 132; *Stoner* v. *Louisville, etc., R. Co.* (1893), 6 Ind. App. 226, 228, 33 N. E. 242; *Indiana, etc., Oil Co.* v. *O'Brien* (1902), 160 Ind. 266, 278, 65 N. E. 918, 66 N. E. 742.

Appellants' first assignment of error, which challenges the complaint on the ground that it does not state facts sufficient is no longer available. §348 Burns 1914, Acts 1911 p. 415.

The second assigned error challenges the overruling of the motion to make more specific. The only matter suggested in appellants' brief under this heading is that the complaint should have been made to state "what if any knowledge he (appellee) had given to defendant Catherine Haehnel of the contract for the erection of said building." As affecting this question, the complaint alleges that on November 11, 1914, Herman Haehnel and Catherine Haehnel were the owners in fee simple, as tenants by entireties of the lots in question (describing them); that on said day, appellee and said Herman entered into the written contract filed with and made part of the com-

plaint. Averments follow showing the performance of the work and the furnishing of the material under said contract, and also an agreement with said Herman Haehnel for the performance of work and furnishing of material for another building and for certain changes in the first, a bill of particulars for which is filed with and made a part of the complaint. It is then averred that *"said buildings were constructed with the knowledge consent and acquiescence of the defendant Catherine Haehnel, and that in all things herein mentioned said Herman Haehnel acted for himself and also for his said wife as her agent."*

These averments, in effect, charge the wife with all the knowledge possessed by the husband affecting said contract, and hence meet appellants' said objection to the complaint. *Taggart* v. *Kem* (1898), 22 Ind. App. 271, 277, 279, 53 N. E. 651; *Wilson* v. *Logue* (1892), 131 Ind. 191, 30 N. E. 1079, 31 Am. St. 426; *Dalton* v. *Tindolph* (1882), 87 Ind. 490.

Appellants' third assigned error challenges the ruling on the demurrer to the complaint, and in their brief, under points and authorities, applied to such alleged error, their objection to the complaint is stated as follows: "The complaint on its face showed that the plaintiff had contracted with one of the owners by entirety without the consent or knowledge of the other owner." The averments of the complaint, quoted *supra,* show the contrary. In this connection, we might add that §7860 Burns 1914, §5123 R. S. 1881, which requires the written consent of the wife in order *to charge her personally and alone with repairs or improvements made on her separate real estate* by order of the husband, has no application to real estate which the wife and husband own as tenants by the entireties. *Taggart* v. *Kem, supra,* 275. Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 114 N. E. 422.