## SISK ET AL. v. STATE OF INDIANA, EX REL. ERIE STONE COMPANY.

[No. 23,247. Filed June 3, 1919.]

APPEAL.—*Matters Reviewable.—Bill of Exceptions.*—Objections to the giving of instructions which necessitate a consideration of the evidence present no question for review where neither the bill of exceptions by which the appellant attempted to make the instructions part of the record, nor that containing the evidence, was filed during the term in which the cause was tried or during the time given for that purpose.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by the State of Indiana, on relation of the Erie Stone Company, against J. Leonard Sisk and

others. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*A. L. Sharpe* and *Jesse C. Sutton,* for appellants.

*Peterson & Moran, C. J. Lutz, Moran & Gillespie, A. L. Sharp, Jesse C. Sutton* and *H. B. Heller,* for appellee.

MYERS, J.—This was an action by appellee, the Erie Stone Company, to recover upon a contractor's bond for stone and material furnished appellants in the construction of a macadam road. The complaint in two paragraphs, answered by a general denial, a plea of payment, set-off, and a counterclaim in two paragraphs, with a reply of general denial to each affirmative paragraph of answer and to each paragraph of the counterclaim, formed the issues submitted to a jury for trial, resulting in a verdict for $8,237.94 in favor of the stone company, and judgment followed in its favor against appellants.

The overruling of appellant's motion for a new trial is assigned as error, and is the only error assigned and not waived. The specifications relied upon to support the motion require a consideration of the evidence. The giving of certain instructions are challenged, but not on the ground that they were improper and erroneous upon any state of the evidence admissible under the issues. The instructions are here, if at all, only by a bill of exceptions. Appellee makes the point that neither the evidence nor the instructions are properly a part of the record.

It appears from the record that the jury returned its verdict into the Adams Circuit Court on May 3, 1916. On May 15, 1916, appellants filed their motion and specifications for a new trial. On October 27, 1916, appellants' motion for a new trial was overruled and the stone company was given judgment on the verdict. On that day appellants prayed an appeal to the Supreme Court,

which was granted, amount of bond fixed, and thirty days given in which to file same, also ninety days given in which to file their bill of exceptions. The transcript fails to disclose an order-book entry showing the filing of any bill of exceptions within the time allowed by the court, or that any extension of time was given in which to file bills of exception, nor is there any order-book entry or certificate of the trial judge showing that any bill of exceptions was filed or even tendered to the court for settlement within the time allowed therefor. The only order-book entry in any manner referring to the filing of a bill of exceptions is of date April 23, 1917, and is as follows: "Comes now the defendants by their attorney A. L. Sharp and files herein their bill of exceptions number 1 in these words, (H. I.) and the same is signed, sealed and made a part of the record herein." This order-book entry refers to what purports to be bill of exceptions No. 1 embodying the evidence, and to which is attached the certificate of the trial judge in effect authenticating the correctness of the transcript of the evidence as made by the reporter from his shorthand notes of the evidence taken at the trial, together with all objections and rulings of the court and exceptions thereto. This certificate is dated April 23, 1917.

This state of the record, as pointed out by appellee, and unchallenged by appellants, and, upon examination, we find to be correct, compels us to hold that neither the evidence given in the cause, nor the instructions tendered by the appellants and refused, as well as the instructions given by the court, are a part of the record. Therefore any questions depending upon the evidence, or questions pertaining to the instructions, are not presented, for the reason it clearly appears from the record that the bills of exceptions relied on by appellants were not filed within the term at which the cause was tried, nor were they filed within the time given by the

court for that purpose. *Lengelsen* v. *McGregor* (1903), 162 Ind. 258, 67 N. E. 524, 70 N. E. 248; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790; *Haehnel* v. *Seidentopf* (1916), 63 Ind. App. 218, 114 N. E. 422; *North American Union* v. *Oleske* (1916), 64 Ind. App. 435, 116 N. E. 68; *Huntingburg Bank* v. *Morgenroth* (1916), 64 Ind. App. 315, 115 N. E. 798.

Judgment affirmed.

NOTE.—Reported in 123 N. E. 401.