LAKE ERIE AND WESTERN RAILROAD COMPANY *v.*
GRISWOLD ET AL.

[No. 10,141. Filed January 16, 1920.]

1. COSTS.—*Prosecution of Action as Poor Person.—Nonresident.—Cost Bond.*—In an action for personal injuries, it was not error for the trial court to overrule a motion requiring plaintiff, a nonresident, to file a cost bond, and to permit him to prosecute his action as a poor person. p. 268.

2.  DAMAGES.—*Personal Injuries.—Physical Examination of Plaintiff.—Discretion of Trial Court.—Review.*—A motion to require plaintiff in an action for personal injuries to submit to a physical examination is addressed to the sound discretion of the trial court, the exercise of which is reviewable on appeal and correctable in cases of abuse; and the refusal of such a motion, when a reasonable and clear case for examination is presented, is such an abuse of discretion as will operate to reverse a judgment. p. 269.

3.  RAILROADS.—*Crossing Accident.—Action.—Answers to Interrogatories.—Contributory Negligence.*—Where one riding as a guest in an automobile was injured at a railroad crossing after having been signaled by the watchman to cross, the mere fact that answers to interrogatories returned with the general verdict for plaintiff showed that, if he had looked in the direction in which the train came at certain times and places, he could have seen from ten to seventy-five feet from the further line of the street, *held*, in view of the averments of the complaint and the general verdict, not to show contributory negligence as a matter of law so as to entitle defendant to a judgment on the answers to interrogatories notwithstanding the general verdict. p. 269.

4.  TRIAL.—*Incomplete Verdict.—Duty of Court and Parties.*—In an action for personal injuries, where the verdict is silent as to one of the defendants, it behooves the parties to see that a proper verdict is returned before the jury is discharged, and the trial court should submit forms of verdict covering all the issues, and then require the jurors to pass upon all the issues before discharging them; the rules of the common law in so far as the general verdict and the *venire de novo* are concerned being in force. p. 270.

5.  RAILROADS.—*Crossing Accidents.—Flagman's Negligence.—Liability.—Employment of Incompetent Flagman.*—Where a traveler on the highway approaches a railroad crossing and is injured thereon after being signaled to cross by the flagman, the only liability which the railroad company owes to such traveler is to respond in damages for the negligence of its flagman, and not for its negligence in employing or retaining him, even though he was incompetent. p. 274.

6.  RAILROADS.—*Crossing Accidents.—Action.—Retention of Incompetent Flagman.*—In an action against a railroad company for personal injuries sustained by plaintiff in a crossing accident after he had been signaled to cross by defendant's flagman, it was error to instruct the jury that the employment and retention of the flagman, if incompetent to defendant's knowledge, was actionable negligence. p. 276.

7.  RAILROADS.—*Crossing Accidents.—Action.—Evidence.—Admissibility.—Competency of Flagman.*—In an action against a railroad company for personal injuries sutsained by plaintiff on a crossing after he had been signaled to cross by defendant's flagman, it was error to admit evidence of the flagman's conduct on former occasions to establish his incompetence to act as such and defendant's knowledge thereof.   p. 277.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by Lewis D. Griswold against the Lake Erie and Western Railroad Company and Edward Kindlesparker.   From a judgment for plaintiff against the railroad company, with no finding as to Kindlesparker, the defendant railroad appeals.   *Reversed.*

*W. J. Henley, John B. Cockrum* and *Silverburg, Bracken & Gray,* for appellant.

*Cromer & Long, Peterson & Moran* and *T. C. Peterson,* for appellee.

McMAHAN, J.—Appellee Griswold, while a guest in an automobile owned and operated by Henry Sanders, was injured by a collision between a train of cars owned by appellant, which was backed against said automobile at the crossing of appellant's railroad and Windsor street in the city of Montpelier. The complaint is in three paragraphs.   The facts as alleged in the first and second paragraphs are in substance the same as are set out in the complaint in the case of *Lake Erie, etc., R. Co.* v. *Sanders* (1920), *post* 283, 125 N. E. 793; the only material difference being that the flagman, Kindlesparker, is made a defendant in the instant case.

The negligence charged in the first and second paragraphs of complaint is that appellant's watchman,

Kindlesparker, negligently signaled the driver and occupants of the automobile to cross appellant's tracks, and that appellant, without sounding the whistle, ringing the bell, or giving any signal, negligently backed its engine and cars across the street and against the automobile, and that by reason thereof appellee was injured. The third paragraph alleged in substance the same facts, and in addition thereto alleged that the watchman, Kindlesparker, because of his age, defective sight and hearing, and feebleness, was unfit and incompetent to act as a watchman, and that appellant, with knowledge of such incompetency, continued to keep him in its employment. It is alleged also that the injuries to appellee were caused by the negligence of appellant in failing to stop its locomotive after it saw that appellee was in a perilous position. An answer of general denial was filed by both defendants. The cause was tried by a jury. A general verdict was returned in favor of the plaintiff against the appellant. The verdict was silent as to the defendant Kindlesparker. In connection with the general verdict, the jury answered certain interrogatories. After the court had overruled appellant's motion for judgment on the interrogatories and answers thereto, judgment was rendered against the appellant. No judgment has been rendered for or against the defendant Kindlesparker.

Appellant's first contention is that the court erred in overruling its motion to require appellee to file a cost bond, and in permitting him to prosecute his action as a poor person. The court committed no error in so doing. *Sissenguth* v. *Bourne* (1915), 58 Ind. App. 97, 107 N. E. 743; *Fuller*

*& Fuller Co.* v. *Mehl* (1893), 134 Ind. 60, 33 N. E. 773.

After the jury had been impaneled and while the opening statements were being made, appellant filed a motion asking that the appellee be required to submit to a physical examination by physicians to be selected and appointed by the court. This motion was overruled. At the conclusion of appellee's evidence in chief appellant filed a second motion asking that the appellee be required to submit to a physical examination. This motion was also overruled.

A motion to require the plaintiff to submit to a physical examination is addressed to the sound discretion of the trial court. The exercise of such

2. discretion is reviewable on appeal and correctable in cases of abuse. The refusal of such a motion, when the circumstances appearing in the record present a reasonable and clear case for the examination, is such an abuse of discretion as will operate to reverse a judgment. *Kokomo, etc., Traction Co.* v. *Walsh* (1915), 58 Ind. App. 182, 108 N. E. 19; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200. As this cause must be reversed for other reasons, we do not deem it necessary to decide whether it was an abuse of discretion for the court to overrule these motions, as we presume if a proper application is timely made it will be granted before the cause is retried.

Appellant next contends that the court erred in overruling its motion for judgment on the interrogatories and answers thereto *non obstante* upon

3. the theory that these answers disclose that the proximate cause of appellee's injuries was his own negligence. The only facts shown by the interrogatories and answers are that appellee at the time

of the collision was riding in an automobile, and that, if he had looked to the south at certain times and places, he could have seen from ten to seventy-five feet south of the south line of the street. These facts, however, are not sufficient to justify us in saying as a matter of law that he was guilty of contributory negligence in view of the allegations in the complaint and the general verdict of the jury. There was no error in overruling this motion.

The appellant next contends that the court erred in overruling its motion for a *venire de novo.* The contention of appellant is that the verdict did not cover all the issues, and was so ambiguous that no judgment could be rendered thereon. The verdict reads as follows: "We, the jury, find for the plaintiff against the defendant, the Lake Erie and Western Railroad Company, and fix and assess his damages in the sum of $2,000.00."

We had occasion in the recent case of *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 123 N. E. 821, to review the decisions of the Supreme Court and this court concerning the office of a *venire de novo,* and it was there held that in so far as a general verdict is concerned, the rules of the common law are still in force in this state. This being true, it behooves the parties in an action like the one now under consideration to see that a proper verdict is returned before the jury is discharged. The trial court also has a duty to perform in this behalf, and should submit forms of verdict covering all the issues, and then require the jurors to pass upon all issues before discharging them. But, in view of the conclusions we have reached, it will not be necessary for us to pass upon the action of the trial court in over-

ruling the motion for a *venire de novo*. Neither is it necessary for us to enter into a discussion as to the effect of a verdict in favor of the servant in an action where the master and servant are jointly sued for damages occasioned by the negligence of the servant. We call attention, however, to the following cases: *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467; *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 74, 103 N. E. 127; *Illinois, etc., R. Co.* v. *Hawkins, Admx.* (1917), 66 Ind. App. 312, 115 N. E. 613; *Zitnik* v. *Union Pacific R. Co.* (1912), 91 Neb. 679, 136 N. W. 995; *Ruth* v. *McPherson* (1910), 150 Mo. App. 694, 131 S. W. 474; *Stevens* v. *Walker* (1904), 99 Me. 43, 58 Atl. 53; *McCormick, etc., Mach. Co.* v. *Stires* (1903), 68 Neb. 432, 94 N. W. 629; *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649.

The next contention is that the court erred in overruling appellant's motion for a new trial. The specifications in the motion for a new trial not waived are that the verdict is not sustained by sufficient evidence, and that the court erred in giving on its own motion instructions Nos. 1, 2, 9½ and 14.

Instruction No. 1, after giving a recital of the allegations of the first paragraph of complaint, concludes as follows: "The second and third paragraphs of the complaint are substantially the same as the first, except that in the third paragraph it is charged that on the 17th day of October, 1916, and for a long time prior thereto, the defendant Kindlesparker was in the employ of the defendant company as a flagman

on the said crossing; that on said day, and for some time prior thereto, said Kindlesparker was incompetent and unfit because of his age, defective hearing, and defective eyesight and feebleness, and was wholly unfit to act as such watchman at such street, and that the defendant company well knew at said time of these facts, and continued him in such employ.''

Instruction No. 2 informed the jury that, if appellee had established the material allegations of his complaint or some paragraph, he was entitled to recover.

Instruction No. 9½ was as follows: ''At a street crossing in a city where a steam railroad crosses a public street, both the railroad company and persons attempting to pass over the railroad tracks at such crossing have an equal right to the use of the crossing, except, however, that where a person attempting to cross the railroad tracks and a locomotive or cars are approaching such crossing at the same time, then the locomotive and cars have the right of way for the reason that they must travel upon the track, while the traveler may travel elsewhere, but the court instructs the jury that the place where the accident happened was a public street, and that defendant did not have an exclusive right for the purpose of making up its trains or switching cars, and that the public and the plaintiff had the same right to use the highway as the defendant had, and that defendant's servants in the movement of its cars upon said street had no right to assume that the way was clear, but were bound to exercise ordinary care before moving such cars to ascertain and discover whether any person upon the street might be injured by such movement.''

Instruction No. 14 reads as follows: ''By his third

paragraph of complaint the plaintiff charges, as one element of negligence, that on the 17th day of October, 1916, and for a long time prior thereto, the defendant company had the defendant Kindlesparker, in its employ as watchman at the Windsor street crossing over its tracks; that said Kindlesparker was incompetent and unfit to perform the duties of such flagman at said crossing because of his age, his defective sight, defective hearing and feebleness generally. In determining this question the jury may consider any evidence given going to the conduct of said Kindlesparker, as such flagman on other similar occasions; you may consider his age, his physical infirmities, if any, his infirmity of memory, if any, his ability or lack of ability to hear and remember as shown by his examination here as a witness. And if, from all the evidence, you shall believe that said Kindlesparker was an unfit and improper person to act as a flagman at said crossing, and if said unfitness of Kindlesparker produced or materially contributed to produce the collision on said crossing and the injury of plaintiff, and if you further believe that said defendant company had before said collision, notice of said unfitness and incompetency of said Kindlesparker, or if from the length of time said unfitness or incompetency had existed, if it did exist, should have known of said unfitness, then and in that event, said defendants are both liable and you should find for the plaintiff, unless you shall believe that plaintiff, by his negligence, contributed to said collision.''

By the first instruction the jury was given to understand that one of the elements of negligence was the employment by appellant of an incompetent and unfit person to perform the duties of flagman, and

that, if the jury should find that the flagman, Kindlesparker, was unfit to act as such watchman and that the appellant had knowledge thereof, it was negligence on the part of appellant to continue him in such employment.

By the fourteenth instruction the attention of the jury was specifically directed to the allegations in the third paragraph of complaint seeking to charge the appellant with negligence on account of the employment of Kindlesparker, and informed the jury that, in determining the question of Kindlesparker's incompetency and unfitness to act as a flagman, the jury was authorized to consider any evidence given, going to the conduct of said Kindlesparker as such flagman on other similar occasions. This instruction also authorized the jury, if they believed that Kindlesparker was an unfit and improper person to act as flagman, and if said unfitness produced or materially contributed to produce the collision, and if appellant had notice of such unfitness, such facts would warrant the jury in returning a verdict for the appellee.

This is not an action by a servant against his master to recover damages on account of negligence in employing or retaining an incompetent servant with knowledge of such incompetency, and the doctrine relative thereto does not apply. The appellant cannot be held liable because it employed or retained in its employment an incompetent flagman. The only liability which appellant owed the appellee was to respond in damages for the negligence of its flagman and not for its negligence in employing or retaining him.

This case involves no question of injury to a servant. Whether Kindlesparker was competent or fit

to perform the duties assigned to him is not of controlling importance. The negligence herein, so far as that question involves Kindlesparker, must be predicated on an act or omission of Kindlesparker, rather than on his competency or incompetency. He may have been entirely incompetent to perform the duties of his station, and if his conduct in the particular instance was not characterized by due care as measured by the standard of the man of ordinary prudence, such conduct was negligence. Conversely, Kindlesparker may have been unfit and incompetent generally to perform the duties of flagman, and yet, in the transaction involved here, he may have exercised reasonable care as measured by the standard aforesaid. *Chicago, etc., R. Co.* v. *Prohl* (1917), 64 Ind. App. 302, 115 N. E. 962.

In *Fonda* v. *St. Paul City R. Co.* (1898), 71 Minn. 438, 74 N. W. 166, 70 Am. St. 341, the court, in passing upon the admissibility of evidence, used the following language: "Upon the trial, the court against the objection of the defendant, admitted evidence of the general incompetency of the motorman, based on the observations of witnesses who had seen him operate his car on prior occasions. We think this was error. The defendant is liable, if at all, for the acts of its servant upon the doctrine of *respondeat superior*. If the motorman was negligent on this occasion, the defendant is liable, no matter how competent he was or how habitually careful he had been on other occasions. On the other hand, if he was not negligent on this occasion, the defendant is not liable, notwithstanding that he may have been incompetent or habitually careless on former occasions. The sole issue, aside from that as to plaintiff's contributory negli-

gence, was whether or not the motorman was guilty of negligence at the time of the accident. When the act or omission is proved, whether it be actionable negligence is to be determined by the character of the act or omission itself, and not by the character of prior acts of the party committing it."

Instead of having called the attention of the jury to the alleged negligence of appellant in employing and retaining an alleged incompetent flagman

6.   with knowledge of such incompetency, and that such employment and retention was such negligence of appellant as to render it liable to appellee for employing or retaining said flagman in its employ, the court should have instructed the jury that the employment and retention of an incompetent flagman was an immaterial allegation, and that the fact, if it were a fact, that said flagman was incompetent did not create any liability on the part of appellant. In giving instructions Nos. 1 and 14 the court committed reversible error.

The wording of instruction No. 9½ is subject to criticism, especially that part of it wherein the court said: "But the court instructs the jury that the place where the accident happened was a public street, and that defendant did not have an exclusive right for the purpose of making up its trains, etc." What the court had in mind and what it intended to say was that the appellant did not have an "exclusive right to the street or to the use of the street for the purpose of making up its trains."

In the latter part of the instruction the jury was told that the appellant was bound to exercise ordinary care, "before moving such cars," to ascertain and discover whether any person upon the street

might be injured by such movement. There was evidence that the cars in question had been standing a block or more south of the place of the accident. There was also evidence that these cars had been standing but a few feet south of the place of the accident. The court probably intended that the jury should understand that the appellant was bound to use ordinary care before moving the cars across the street to ascertain and discover whether any person upon the street might be injured thereby.

Instruction No. 2 is correct as an abstract proposition. There was no error in giving it. The error was in the other instructions which informed the jury that the act of the appellant in employing and retaining in its service an incompetent flagman with knowledge of such unfitness was one of the material allegations of the complaint.

The next contention of appellant is that the court erred in admitting evidence of the flagman's conduct on former occasions for the purpose of establishing his incompetence to act as a flagman, and to establish appellant's knowledge of such negligence. In view of what we have heretofore said relative to the instructions, it follows that the court committed reversible error in admitting such evidence.

Judgment reversed, with instructions to grant a new trial as to both defendants, and for other proceedings not inconsistent with this opinion.