LAKE ERIE AND WESTERN RAILROAD COMPANY *v.*
SANDERS.

[No. 10,132.   Filed December 19, 1919.   Rehearing denied
January 26, 1920.]

1. RAILROADS.—*Crossing Accident.—Complaint.—Contributory Negligence.*—A complaint alleging that, within sixty or seventy feet of a crossing, plaintiff brought his automobile to a slow rate of speed, looked and listened, and waited for a signal to cross from the flagman regularly stationed at that point, and, after receiving such a signal, without fault or negligence and with due care and caution, increased his speed and proceeded to cross the tracks, did not show, as matter of law, a failure by plaintiff to look or listen while approaching the track over such distance.  p. 287.

2. RAILROADS.—*Crossings.—Signals.—Duty of Traveler on Highway.*—It cannot be said as matter of law that one signaled by a crossing flagman to cross the track is thereafter required to stop, look or listen for trains.  p. 287.

3. RAILROADS.—*Crossings.—Flagmen.—Duty to Warn.—Negligence.*—Where a railroad company employs a crossing flagman pursuant to an ordinance, and he negligently signals a traveler to proceed when an approaching train is so near that the traveler could not by exercising ordinary care avoid a collision, such negligence is chargeable to the railroad company.  p. 287.

4. DAMAGES.—*Amount.*—*Evidence.*—Where witnesses fixed the value of an automobile damaged in a collision at from $500 to $600 before, and from $25 to $50 after, the accident, a verdict of $550 was not excessive. p. 288.

5. RAILROADS. — *Crossing Accident.*— *Negligence.*— *Automobiles.*— *Jury Question.*—In an action for damages to an automobile struck by a backing train, evidence examined and *held* to make questions for the jury as to negligence and contributory negligence. p. 289.

6. TRIAL.—*Instructions.*—*Applicability.*—The refusal of an instruction, drawn upon a theory of law not involved in the case, was not error. p. 291.

7. TRIAL.—*Instructions.*—*Last Clear Chance.*—*Assumption of Contributory Negligence.*—*Negligence.*—An instruction tendered by defendant on the theory of last clear·chance, which implies that the plaintiff negligently went into a situation of peril, is properly refused. p. 291.

8. TRIAL.—*Instructions.*—*Use of Senses.*—*Reasonable Care.*—*Railroads.*—*Crossing Accidents.*—An instruction that told the jury that plaintiff could not recover if he saw or heard the approach of the train, or by exercising his sense of sight or hearing could have seen or heard the train, in time to have avoided the injury, and attempted to cross ahead of the moving cars, was properly refused because it omitted the element of reasonable care on the part of plaintiff to avoid the ʻinjury. p. 291:

9. TRIAL. — *Instructions.*— *Railroads.*— *Crossing Accidents.*— *Assumption of Knowledge of Approach of Train.*—An instruction that, if plaintiff approached a railroad crossing, in an automobile with side curtains up, at a rate of speed which he supposed would carry him across before the train could reach him, and in taking such chance, suffered the injury complained of, he could not recover, was properly refused, since it implied that the plaintiff had knowledge ·of the approach of the train. p. 291.

10. TRIAL.—*Instructions.*—*Railroads.*—*Crossing Accidents.*—*Reasonable Care.*—An instruction that, if plaintiff saw the train in time to stop his automobile and avoid the injury, but misjudged the distance and speed of the train and speeded up and tried to cross ahead of the train and was injured, he cannot recover, was properly refused, since it omitted the question of the exercise of reasonable care by plaintiff in attempting to stop his automobile and in avoiding injury. p. 292.

11. RAILROADS.—*Crossing Accidents.*—*Duty of Traveler to Look and Listen.*—An instruction that plaintiff, approaching a railroad crossing in an automobile, was not as a matter of law, required to look and listen at any particular time, nor in one direction

Lake Erie, etc., R. Co. *v.* Sanders—72 Ind. App. 283.

at a particular time and in 'another direction at a particular time, but was required to look and listen at such times and places and in such directions as a person exercising ordinary prudence would have done under similar circumstances, is correct.  p. —

From Jay Circuit Court; *Emerson E. McGriff*, Judge.

Action by Henry Sanders against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Cockrum, W. J. Henley* and *John M. Smith*, for appellant.

*Moran & Gillespie, T. C. Peterson* and *Dore B. Erwin*, for appellee.

McMahan, J.—This action was brought by the appellee to recover damages occasioned by the alleged negligence of the appellant in backing a locomotive and cars against an automobile owned by appellee. A demurrer to the complaint for want of facts was overruled. The issues being closed, there was a trial by jury. Verdict and judgment for appellee.

The complaint, after alleging the incorporation of appellant, its ownership and operation of a railroad across Windsor street in the city of Montpelier, alleged that the appellant, by virtue of an ordinance of said city, was required to and did keep a flagman at the point where its right of way and tracks crossed said street in said city; that it was the duty of the flagman to keep a lookout for locomotive engines and cars approaching on appellant's tracks and to warn persons traveling on said street of the approach of engines and trains of cars; that on October 17, 1916, appellee was the owner of an automobile, and was driving the same on said street from the east desiring

to cross appellant's track; that, by reason of coal sheds, buildings and cars on each side of the street, he was unable to see approaching trains from either direction; that, as he approached the crossing, he slowed down his automobile and looked and listened for approaching trains and waited for a signal from appellant's flagman stationed at the crossing; that the flagman, while in the employment of appellant and while in the line of his duty, negligently signaled to appellee to drive on and over appellant's tracks; that, pursuant to the directions so given by the flagman, appellee, without any fault or negligence on his part, and while using due care and caution, proceeded to drive upon and over appellant's tracks; that just as he passed upon appellant's main track, appellant negligently and recklessly ran a locomotive attached to box cars from the south without blowing a whistle or ringing a bell, and without giving any signal whatever of its approach, and negligently and recklessly ran its engine and cars against appellee's automobile, damaging the same.

Appellant's first contention is that the court erred in overruling the demurrer to the complaint, for the reason that the complaint shows that appellee slowed down his car sixty or seventy feet east of the crossing and looked and listened for the approach of trains, and from that point increased the speed of his machine and, in approaching the crossing, failed to exercise his senses of sight and hearing and thereby showed by specific averment that he was not free from fault, and that the specific averment of facts showed contributory negligence, although it contained the averment "that plaintiff was free from fault."

We do not think there is any merit in appellant's contention.  The complaint, after setting out the facts

relative to obstructions and describing the location of the buildings on both sides of the street and immediately east of the railroad, which obstructed his view both to the north and south, alleged that the automobile was slowed down to a slow rate of speed; that appellee listened and looked both ways as far as his vision extended and, neither hearing nor seeing an approaching train, waited for a signal from appellant's flagman stationed at the crossing; that the flagman signaled and motioned to appellee to cross the track and indicated to appellee that it was safe for him to do so; that thereafter appellee, without any fault or negligence, increased the speed of his automobile and proceeded to drive upon and over appellant's railroad tracks, and that as he did so appellant negligently ran an engine and cars from the south over and across the street without sounding the whistle or ringing the bell, and without giving any notice whatever of its approach.

The facts averred in the complaint are not sufficient, either directly or by inference, to charge the appellee with any negligence contributing to 1-3. the injury of which complaint is made. Appellant contends that there is no averment in the complaint that from the point sixty or seventy feet east of the crossing to the tracks that appellee either looked or listened for the approach of any train or cars on the railroad. While it may be that there is not specific allegation that appellee looked or listened within that distance, the complaint does allege that within that distance he did bring his automobile to a slow rate of speed and looked and listened and waited for a signal from the flagman, and after having received a signal from the flagman without any fault or

negligence on his part, and while using due care and caution, he increased the speed of the automobile and proceeded to drive upon and over the tracks. We cannot say as a matter of law that appellee, after having been signaled and notified to cross the track, was thereafter required to stop and look and listen for the approach of a train, nor can we say as a matter of law from the facts alleged that during his approach toward the track he did not look or listen. Where a railroad company employs and maintains a flagman at a crossing of its tracks with a public street of a city, pursuant to an ordinance of the city requiring the maintenance of such flagman at such crossing, it is its duty to give warning to travelers of approaching trains; and if such flagman negligently signals or invites a traveler approaching the crossing to proceed and pass over it when a train of cars is also approaching it, and at such proximity thereto that the traveler cannot, by the exercise of reasonable and ordinary care and vigilance under the circumstances, pass over the crossing in time to avoid being struck by the train and being injured, and if such traveler, relying on such signal, attempts to pass over the crossing and is struck by the train while making such attempt and is injured, then the negligence of such flagman is chargeable to the railroad company employing him, and renders it liable in damages to the injured traveler, he being without fault or negligence proximately contributing to his injury. There was no error in overruling the demurrer to the complaint.

Appellant contends that the court erred in overruling its motion for a new trial. The first contention is that the damages awarded are excessive.

4.  Two or three witnesses testified as to the value of the automobile immediately before and after

the accident. The witnesses fixed its value before the accident from $500 to $600 and $25 to $50 afterwards. The verdict was for $550. The award was therefore not excessive.

The next contention is that the verdict is not sustained by sufficient evidence. The facts as shown by the evidence are that appellee approached the railroad crossing from the east; that the side curtains were up; that there were several people in the automobile with him; that, when about sixty or seventy feet away from the railroad, he brought his car to a slow speed and looked and listened for the approach of cars; that, immediately east of the railroad and immediately south of the street on which he was traveling, there was a coal shed about 100 feet long; that north of this coal shed and just south of the sidewalk was the watchman's "shanty"; that, immediately north of the street and east of the railroad, there was a warehouse which obstructed appellee's vision; that, when appellee slowed down his car, he waited for a signal from appellant's watchman stationed at the crossing; that the watchman waved a flag east and west and indicated to appellee that the way was clear, and for him to drive on; that the watchman, after having so indicated to appellee, placed his flag under his arm, and went back towards his "shanty"; that appellee proceeded to cross the tracks and, just as he approached the main track, a locomotive engine pushing two or three freight cars from the south over the crossing ran into the automobile and wrecked the same; that appellant maintained three tracks at the crossing, the center track being the main track with a switch on either side. Some of the witnesses, in-

cluding appellant's watchman, testified that there was a box car standing on the east track about even with the property line on the south side of the street. There is evidence to justify the jury in finding that the engine and cars which caused the injury were standing a short distance south of the south line of the street, and started to cross this track after the watchman had signaled appellee that the way was clear. Some of the witnesses testified that there was no car standing on the east track except a tank car, which was nearly one block south of the crossing, and that the engine and cars attached thereto had not been standing on the track near Windsor street, but came directly from a point one block or more south thereof. The watchman testified that he waved his flag north and south across the track, and not east and west; that he was standing in the middle of the street, and that appellee failed to stop, and ran north of him across the railroad. Two of appellant's brakesmen testified that they were standing on the front end of the cut of cars being pushed to the north; that they saw the flagman wave his flag across the street and when they saw that appellee was going across the track they called to him to stop; that he failed to do so, and that one of them, when he first saw the appellee approaching, signaled to those in charge of the engine to stop. A number of the witnesses, including the watchman, testified that they did not hear any whistle or bell; while the engineer, his fireman, and two brakesmen testified that the whistle was sounded, and that the bell was ringing. With this statement of the evidence, it is quite clear that the questions of negligence and contributory negligence were questions for the jury, and we can-

not disturb their verdict, because of insufficient evidence.

Appellant next contends that the court erred in refusing to give instructions Nos. 3, 4, 7 and 22 tendered by it. Number 3 was tendered on the theory of last clear chance, but appellant in discussing the refusal of the court to give instruction No. 22 says that the "doctrine of last clear chance is not involved in this case." That being true, it was not error to refuse the instruction. A further reason why there was no error in refusing to give said instruction, is that it implies appellee negligently went into a situation of peril.

By instruction No. 4 appellant asked the court to instruct that: "If he (appellee) saw or heard the approach of the train or cut of cars moving on the track, or by exercising his sense of sight or hearing, he could have seen or heard the train or cut of cars moving on its track toward the crossing in time to have avoided the injury and attempted to cross the crossing ahead of the cut of cars, so moving, and was injured in so trying to cross, he cannot recover." This instruction was equivalent to saying to the jury that, if appellee could have avoided the injury, even while exercising ordinary care, and did not do so, he could not recover. The instruction as worded is to be condemned because it omitted the element of reasonable care on the part of appellee to avoid the injury.

Instruction No. 7 requested by appellant was as follows: "If you find from the evidence in this case that the plaintiff approached the crossing where the injury occurred in an automobile with side curtains up at a rate of speed which

he supposed would carry him over the tracks of the crossing before the train or cars could reach him, and, in so taking the chance to get over the crossing in advance of the train, the vehicle in which he was riding was injured, he could not, under such circumstances, recover.'' This instruction implies that the appellee had knowledge of the approach of the train or cars, and was properly refused.

No. 22 was to the effect that, if appellee saw the train in time to have stopped his automobile and have avoided the injury, but misjudged the distance and speed of the train and increased the speed of the machine and tried to cross the track ahead of the train, and was injured, he cannot recover. This instruction is subject to the same objection as No. 4. It omits the question of the exercise of reasonable care on the part of appellee in attempting to stop his automobile and in avoiding an injury.

Appellant next contends that the court erred in giving on its own motion instruction No. 7. It reads in part as follows: ''It was the duty of the plaintiff, while driving on such public highway, when approaching the railroad crossing to realize and have in mind that he was approaching a place of danger, and to be on the alert and use his sense of sight, look both ways, and use his sense of hearing and listen, to ascertain for himself whether or not a train or locomotive was approaching, and whether or not he could safely cross the track. If his view was obstructed, in whole or in part, then it was his duty to all the more carefully use his senses of sight and hearing, and if necessary, in the exercise of ordinary care, to stop, look both ways and listen for

approaching locomotives or trains, in order to determine whether he could safely cross the track. In proportion as the danger was increased by the view being obstructed, in that proportion should he have increased his care in attempting to pass upon or over the track. It was his duty to use the care and caution commensurate with the known danger surrounding him as he approached the crossing; and to take all responsible precaution to avoid injury to his automobile by passing locomotives and trains. *It cannot be said as a matter of law that in approaching the crossing in question he should have looked and listened for approaching locomotives and trains at any particular time, or that he should have looked in one direction at a particular time, and in another direction at a particular time. He was required to look and listen at such times and at such places and in such directions as a person exercising ordinary prudence would have done under similar circumstances."* (Our italics.)

The only part of this instruction to which any objection is made is that part italicized. The use of the word "responsible" in the expression "responsible precaution to avoid injury" is evidently a misprint; but, be that as it may, no objection is made to the instruction because of the use of the word "responsible" instead of "reasonable." With the word "reasonable" substituted for "responsible," this instruction is a model to follow, and not subject to the objections urged against it. It is neither misleading nor does it absolve appellee from the exercise of due care as contended by appellant.

There is no reversible error in the record. Judgment affirmed.