TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* SWALLS.

[No. 13,091.    Filed July 20, 1928.    Rehearing denied October 3, 1928.    Transfer denied January 31, 1933.]

*Beasley, Aikman, O'Brien & Beasley* and *J. T. Walker,* for appellant.

*Rawley & Baumunk, Duvall & Whitaker* and *George W. Wells,* for appellee.

THOMPSON, J.—Appeal from a judgment against appellant for damages for the death of Earl Swalls as the result of a collision at one of appellant's crossings, between one of its interurban cars and a truck driven by said Swalls.

The complaint alleged, in substance, that on July 22, 1924, the appellant herein was operating an interurban line between Indianapolis and Terre Haute; that said interurban line, running in an east and west direction, crossed a north and south public highway at a point known as Stop 14; that said north and south public highway also intersected at a point about fifteen or eighteen feet south of said interurban line, a paved public highway known as the National Road and running parallel with said interurban line; that immediately south of said interurban tracks and between said tracks and said National Road was a line of poles set approximately 100 feet apart and extending for a mile or more in each direction from Stop 14; that north of said tracks, on both sides of the north and south highway, were dwelling houses; that about ten or fifteen feet north of said tracks and the same distance west of the north and south highway was located a building which was used for store purposes and as a ticket office for selling tickets over appellant's interurban line; that automobiles often turned north from the National Road into

said north and south public highway and crossed appellant's tracks at the intersection known as Stop 14; that at the time of the accident and for one year prior thereto appellant maintained a ticket agent at said ticket office at Stop 14, who also acted as a flagman to warn persons of the approach of its interurban cars; that on said date, at the time of said accident, there was a large number of automobiles traveling along said National Road with their bright headlights burning; that said poles and buildings near appellant's tracks tended to obscure from the view of motorists on said National Road the approach of appellant's cars; that at about eight-thirty p.m. and after dark on July 22, 1924, decedent, Earl Swalls, was driving an automobile truck along said National Road; that he slowed down to within six or eight miles an hour to make the turn north onto the said north and south highway and with the intention of crossing appellant's tracks at Stop 14; that he looked and listened, but did not see or hear any interurban car approaching said crossing; that appellant's flagman negligently failed to give decedent any warning of the approach of one of appellant's interurban cars, and that said flagman negligently waived his hand and gave a signal to decedent as he approached said crossing, which signal was the usual one given for persons to cross over said tracks; that said signal caused decedent to believe that no interurban car was approaching and thereby caused said decedent to drive in front of an approaching interurban car which struck and killed him; that said interurban car was negligently being operated at a dangerous rate of speed and that no whistle or warning of its approach was sounded; that decedent's injury and death was the proximate result of the negligence of appellant, without any fault or negligence on the part of decedent.

Appellant filed a demurrer to the complaint on the

ground that it did not state facts sufficient to constitute a cause of action. Said demurrer was overruled, and exception saved. On the trial by jury there was a verdict for appellee in the sum of $4,000, and judgment was rendered on said verdict. Appellant's motion for a new trial was overruled, to which ruling appellant excepted.

Appellant assigns as errors: (1) The action of the court in overruling appellant's demurrer to the complaint; (2) the action of the court in overruling appellant's motion for a new trial.

Appellant insists that under the allegations of the complaint the appellee was, as a matter of law, guilty of contributory negligence, and that the demurrer to the complaint should have been sustained.

In the case of *Pittsburgh, etc., Ry. Co.* v. *Staats* (1925), 83 Ind. App. 680, 149 N. E. 912, the court said:

"In such cases as this, the plaintiff is not required to allege or prove that he was free from contributory negligence. The failure to observe the approach of a train may be contributory negligence, and facts tending to show an excuse for such failure are facts tending to disprove contributory negligence. Appellee was not required to allege any facts showing an excuse on the part of his decedent for failing to observe the approach of the train, although the rule was otherwise before the enactment of the statute changing the burden of proof as to contributory negligence in actions for personal injuries. . . .

"A signal or direction given by a watchman at a railroad crossing directing a traveler on the highway to cross is an affirmative assurance that there is no danger. A person acting under such an assurance is not required to exercise the high degree of diligence and caution that would otherwise be required of him in approaching a crossing. . . . The fact that appellant placed and maintained a flagman at this crossing is a positive and unequivocal recognition that the crossing was an unusually dangerous one, and that the services of such

flagman at that point were reasonably necessary to protect persons traveling on the street using such crossing. . . ."

In the case at bar the complaint alleges that decedent was injured by the negligence of appellant, and without any fault or negligence on decedent's part; that said decedent was driving his truck along said National Road in a careful manner; that he looked and listened for appellant's cars as he approached said crossing; that appellant's flagman negligently signaled to decedent to cross over said crossing in front of appellant's approaching interurban car which killed him.

The complaint stated a cause of action, and the court did not err in overruling the demurrer thereto.

The specifications in appellant's motion for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law; the giving of certain instructions tendered by appellee and the refusal of certain instructions tendered by appellant.

Numerous witnesses testified in this case, and the evidence on many of the material points involved was conflicting. However, the questions involved were questions of fact for the jury to determine, and they were resolved in favor of appellee.

The verdict is supported by some evidence, and it is only where but one reasonable inference can be drawn that the court will interfere or invade the province of the jury. *Lake Erie, etc., R. Co.* v. *Sanders* (1919), 72 Ind. App. 283, 125 N. E. 793.

There was no error in the giving or refusal of the instructions complained of. The instructions given, taken as a whole, fairly state the law of the case.

Affirmed.